[PHILADELPHIA, APRIL 29TH, 1839.]

# WATKINSON and Another *against* THE BANK OF PENNSYLVANIA.

## IN ERROR.

1. Notice of the dissolution of a partnership, given in a newspaper printed in the city or county where the partnership business is carried on, is of itself notice to all persons who have had no previous dealing with the partnership.

2. But as to persons who have had previous dealing with the partnership, general newspaper notice is not sufficient. It must be shown that actual notice of the dissolution was communicated to the party in some way or other.

3. Whether there has been such previous dealing or not, is a matter of fact for the jury; and therefore a judge ought not to reject evidence of newspaper notice, but should direct the jury that if the evidence established a previous dealing, then in point of law there should have been actual notice, and that merely taking in the paper was not proof of such actual notice without something further.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought in that Court to June term, 1831, by the President, Directors and Company of the Bank of Pennsylvania, against Richard Watkinson and William Budd Watkinson, late co-partners, under the firm of R. & W. B. Watkinson.

The declaration contained four counts: 1st. Upon a promissory note drawn by one J. M. Douglas, and endorsed by the defendants. 2d. For money lent and advanced. 3d. For money paid, laid out and expended. 4th. For money had and received.

The defendants severally pleaded the general issue, &c., and on the 9th January, 1838, the case came on for trial before Judge STROUD, and a special jury.

The plaintiffs' counsel having opened his case, produced as a witness Benjamin Smith, who being duly affirmed, testified that the book produced was the bank book of the defendants, commencing in 1830 and settled in 1831; and that the balance, as appeared by the book on the 1st day of March, 1831, due to the plaintiffs, was one hundred and ninety-seven dollars ninety-seven cents, being the

amount of over-draft.   He said " this is the firm book of the bank; these checks are all in the handwriting of William B. Watkinson."

The counsel for the defendant, Richard Watkinson, then opened his case, and offered to prove that on the 27th day of July, 1830, the plaintiffs were subscribers to a newspaper published daily in the city of Philadelphia, called " Poulson's American Daily Advertiser," and on that day received a copy of the paper, in which was contained a notice that the defendants (Richard and William B. Watkinson,) had dissolved the partnership existing between them, on the said 27th July, 1830, being before the date of the plaintiffs' claim.  To the admission of this testimony objection was made by the counsel for the plaintiffs, who contended that the same was not legal evidence, and ought not not to go to the jury; which objection was sustained by the judge, who declared his opinion that the same was not legal evidence and should not go to the jury.   To which decision the counsel for the defendants excepted; and the jury returned a verdict for the plaintiffs.

The defendants then sued out this writ of error, and made the following assignment of errors.

" 1st. The judge erred in overruling the testimony offered by the defendants.

2d. The testimony offered by the defendants was sufficient to go to the jury.

3d. The testimony offered by the defendants was evidence of direct notice to the plaintiffs of the previous dissolution of partnership.

4th. The testimony offered by the defendants was evidence from which such notice might have been inferred.

5th. It was a matter for the determination of the jury whether or not the plaintiffs had such notice or knowledge.

6th. The general errors."

Mr. H. M. Phillips, for the plaintiffs in error, cited Gow on Partnership, 272-3.   Bank of South Carolina v. Matthews, (1 M'Cord's Rep. 388.)   17 Pickering, 361.   Jenkins v. Blizard, (1 Starkie's Rep. 413; S. C. 2 Eng. Com. Law Rep. 451.)   Williams v. Keates, (2 Starkie's Rep. 290; S. C. 3 Eng. Com. Law Rep. 351.)   Hart v. Alexander, (7 Carr. & Payne, 746; S. C. 32 Eng. Com. Law Rep. 715.) 13 Petersdorff's Abr. 210.   Vernon v. Manhattan Co. (17 Wendell, 526.)   Bailey v. Spencer, (N. Y May, 1838, MS.)

Mr. Chester, contra, cited Shaffer v. Snyder, (7 Serg & Rawle 502.)   Beltzhoover v. Blackstock, (3 Watts, 25.)   Graves v. Merry (6 Cowen, 701.)   Roscoe on Bills, 68, 385.

(Watkinson v. Bank of Pennsylvania.)

The opinion of the Court was delivered by

SERGEANT, J.—The question presents itself in this case, what is sufficient notice of the dissolution of a partnership, so as to discharge a partner from debts subsequently contracted in the name of the firm, without his participation or assent? The rule seems to be, that notice of the dissolution of the partnership, given in a newspaper printed in the city or county where the partnership, business is carried on, is of itself notice to all persons who have had no previous dealing with the partnership. But as to persons who have had such previous dealing with the partnership, it is not sufficient. It must be shown that actual notice of the dissolution was communicated to the party in some way or other. (2 *Johns. R.* 300., 7 *Serg. & Rawle,* 504. 3 *Day's Rep.* 353. 6 *Johns.* 147. 6 *Cow.* 16. 17 *Wend.* 526.) A notice in a newspaper is at the best but an uncertain method of communicating the knowledge of a fact, since the party to be affected may never see the paper, or if he does, may not read all the advertisements; but still it is sometimes the only practicable mode, and is therefore either allowed by the principles of the common law, or directed by act of assembly in particular instances. But where a firm has had previous dealings with others, it can know such persons, and may send them specific notice, which is the best and most certain mode. This, I presume, is the reason of the distinction. No particular mode, however, is prescribed by law for communicating notice, even to persons having previous dealings; it is sufficient if in any way actual knowledge is traced home to the party. Merely taking a newspaper in which such advertisement is contained, is not sufficient. It is very possible, perhaps nothing is more common, than for persons to take newspapers, without reading all the advertisements they contain, even if they peruse their other contents. Our newspapers are not of any accredited character, universally recognized as the authentic depositary of occurrences, in commercial or other affairs; they are a medley of news, politics, literature, trade, notices, and various other matters, which some peruse for one purpose and some for another; and it would be going a great way, to say that every one who takes in a newspaper, should be visited with a knowledge of the contents of all the notices contained in it from day to day. The case of *Vernon* v. *The Manhattan Co.* (17 *Wend.* 526,) was very like the present. The notice was published in two of the newspapers printed in the city of New York, one of which was regularly delivered at the banking house of the plaintiffs, yet it was held not to be sufficient evidence of the dissolution of the firm to which the defendant had belonged, and with which the plaintiffs had had previous dealing. The Court say that if actual notice reached them in any form, it would be sufficient, but the mere taking of a newspaper filled with notices, will not make a case for the jury.

(Watkinson *v.* Bank of Pennsylvania.)

But though this is the rule of law, and on the evidence, in this cause, if heard as offered, it would have been the duty of the jury to render a verdict for the plaintiffs, yet we are of opinion that the evidence offered by the defendants ought to have been admitted, and that it was not for the Court to decide that there had been previous dealing, and on that ground reject the evidence. This was matter of fact for the jury. The evidence ought to have been received and left to the jury, under the instruction that if the evidence established a previous dealing, then in point of law there should have been actual notice, and merely taking in the paper at the bank was not proof of such actual notice, without any thing further. *Non constat,* but the defendant might have controverted the fact of previous dealing, or given evidence in relation to it, or if he did not, yet it was the province of the jury to determine that fact, as well as all others. For this reason the judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.