Devin v. Harris.

2 Smith's Leading Cases, 1, and notes; 4 Blackf. 222; 9 Mass. 78; 15 ib 500; Chitty on Con. 737-41-60.

Judgment reversed.

*W. H. Seevers*, for plaintiffs in error.

*W. T. Smith*, for defendant.

————o o o————

DEVIN *v.* HARRIS.

No private arrangement between partners, by articles or otherwise, will bind third parties, without actual notice.

A change in a partnership will affect persons dealing with the firm, without actual notice.

Where the record does not show that there was not sufficient evidence to justify the verdict, the discretion exercised below, in refusing a new trial, will not be disturbed.

ERROR *to Wapello District Court.*

*Opinion by* GREENE J.    Assumpsit by Harris against Devin, as surviving partner of the firm of Lane & Devin. The action was commenced to recover money claimed to have been received by said firm for a land warrant. It is conceded that the warrant was received and sold by Lane, and that the money he received has not been paid to Harris, though demanded of Devin as surviving partner of the firm.

It was claimed by the plaintiff below, that although the money may have been received by Lane alone, it was still received by him as a member of the firm, in the usual course of their partnership business, and that the plaintiff

trusted the firm, and not the individual Lane. Plea, general issue; verdict and judgment for the plaintiff.

Objections are now urged to the instructions given by the court below. It appears that the following was given by request of the plaintiff's council : " No private arrangement, by articles of partnership or otherwise, will bind third persons, without actual notice." An arrangement between partners, which is merely private in its character, entered into for the private benefit or indemnity of a member of the firm, is entitled to but little favor, when in conflict with the rights of third partners. Such an arrangement is not authorized at common law ; and is very different from a limited partnership, which might be entered into by virtue of the statute. In regard to each other, the parties could with propriety regulate their concerns, in a private manner, to please themselves ; but such private regulations could not control their responsibility to others, even if an ordinary notice of such arrangement had been given. In all dealings of a partnership with third persons, the law inculcates good faith, and open, undisguised dealing. Kent declares each member answerable *in soledo*, to the whole amount of the debt, without reference to the proportion of his interest, *or to the nature of the stipulations between him and his associates.* 3 Kent, 32.

Even when credit is secured to a firm by the misrepresentation or concealment of one partner, all will be responsible, although ignorant of the transaction, and, although, there was a private agreement between them limiting their liability, unless the party had knowledge or notice that the partner was acting *mala fide* or beyond his authority. Story on Con., § 224. In the case at bar, it is not pretended that the partner acted *mala fide* or beyond his authority. But the instruction objected to, appears to have been predicated upon the hypothesis that there may have been some private arrangement between the partners, and we think that if there was any such arrangement, nothing

short of actual notice should render it available agaist third persons. A notice, merely constructive or implied, and which may never have been really brought to the attention of such third party, we cannot consider sufficient to render a merely private arrangement effectual against the demands of third persons. We therefore think there was no error in the instruction as given.

It is also contended, that there is error in an other instruction, which was given in the following words : "Where the terms of the partnership are changed by the partners, actual notice to persons dealing with the firm, must be given of such change, or the firm is bound by the public notice of partnership." A change in the number, terms, or condition of a partnership, in order to be valid and effectual in its application to third persons, requires as high a degree or kind of notice as would be necessary in the safe and effectual dissolution of a partnership. Unless due notice is given of a dissolution or change of partnership, a contract will be valid where made by one partner on the faith of the partnership, with a person who had no notice of such change or dissolution. Constructive or implied notice, or notice in a city or county newspaper, under ordinary circumstances, has been adjudged sufficient. But even that notice would not be deemed sufficient, if the party entitled to it should be so situated that the notice would not be likely to come to his knowledge. Notice given in a newspaper would not be actual or express, but it would be such as a jury might infer notice from, so as to conclude all persons who have not had any previous dealings with the firm. 3 Kent, 66. It is laid down by this author, that persons who have been in the habit of dealing with the firm, are only affected by actual notice, or notice given under circumstances from which actual notice may be inferred. It is generally held that actual notice must be given to those who have had previous dealings with the firm ; and that constructive notice, or such as would be given through a newspaper, is not

Devin *v.* Harris.

sufficient. *Watkinson* v. *B'k of Penn.*, 4 Whart., 482 ; *Mouldin* v. *Branch B'k*, 2 Ala., 502 ; *Prentiss* v. *Sinclair*, 5 Verm., 149.

We conclude, that the court correctly instructed the jury that a change in the partnership will not affect the persons dealing with the firm without actual notice.

A motion was made in the court below for a new trial, and it is now contended that the court erred in overruling that motion. The grounds for this motion are set forth in an affidavit, but it contains nothing which would justify this court in disturbing the discretion which the court below is authorized to exercise in relation to such applications. Though it is claimed that Devin did not assume or recognize any liability for the warrant, still there is nothing proposed to show that the warrant was not received and sold, in connection with the partnership business, nor that the warrant was not placed in the hands of Lane on the credit of the firm. The record does not show that there was not sufficient evidence submitted, to justify the verdict of the jury. We must therefore, conclude, that the verdict was fully authorized, and that the court properly overruled the motion for a new trial.

Judgment affirmed.

*Geo. G. Wright*, for plaintiff in error.

*W. H. Brumfield*, for defendant.