# John F. Forepaugh et al., Plffs. in Err., v. Alfred G. Baker.

An indorsee of a promissory note cannot be deprived of the rights of a bona fide holder for value, by the mere fact that the note was an accommodation note transferred to him for the purpose of avoiding that defense and for less than full value, if he gave value for the note and had no knowledge of its character or the purpose for which it was transferred.

Form of statement under the act of May 25, 1887, in an action by the holder against the maker of a promissory note, approved.

(Argued March 22, 1888. Decided April 9, 1888.)

January Term, 1888, No. 165, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment for the plaintiff for want of a sufficient affidavit of defense in an action of assumpsit, December Term, 1887, No. 118. Affirmed.

The plaintiff, Alfred G. Baker, commenced an action of assumpsit November 15, 1887, by summons returnable the first Monday of December, 1887, and on November 15, 1887, filed the following statement of his claim:

Alfred G. Baker
v.
John F. Forepaugh and J. Leaming Forepaugh, copartners, now or late trading as John F. Forepaugh & Son.

Alfred G. Baker, the plaintiff in the above-entitled cause, being duly affirmed, says: I claim from the above-named defendants as follows:

1. Upon a certain promissory note in writing, of which the following is a true copy:

---

Cited in Tradesmen's Nat. Bank v. Bachenheimer, 18 Pa. Co. Ct. 51, 54, 5 Pa. Dist. R. 218.

NOTE.—This is true, though the accommodation note was stolen. P. Magee, 27 Pittsb. L. J. N. S. 147.

$260.70.                    Philadelphia, March 5, 1887.

Three months after date we promise to pay to the order of William M. Wilson & Co., two hundred and sixty 70/100 dollars, at 40 So. Second street, without defalcation. Value received.

No. ———.  Due June 5, 1887.

   (Signed)                    John F. Forepaugh & Son.

   (Indorsed)                    Wm. M. Wilson & Co.

                                        Alfred G. Baker.

   6076.  John F. Forepaugh & Son.  June 5.

—which note was duly protested June 8, 1887.  I claim the amount of said note, *viz.,* $260.70, with interest thereon from June 8, 1887, and costs of protest, *viz.,* $2.

2. Upon a certain promissory note in writing, of which the following is a true copy:

$228.89.                    Philadelphia, March 8, '87.

Three months after date we promise to pay to the order of William M. Wilson & Co., two hundred and twenty-eight 89/100 dollars.

                    No. 40 South Second street.

Without defalcation.  Value received.

No. ———.  Due June 10.

   (Signed)                    John F. Forepaugh & Son.

   (Indorsed)            -        Wm. M. Wilson & Co.

                                      Alfred G. Baker.

   6077.  John F. Forepaugh & Son, $228.89, June 8.

—which note was duly protested June 11, 1887.  I claim the amount of said note, *viz.,* $228.89, with interest thereon from June 11, 1887, and costs of protest, *viz.,* $2.

I further say that I am the holder for value of both the above-described notes, and that the whole amount thereof remains due and unpaid by the said defendants to me.

Affirmed and subscribed to ⎤

  before me this 15th day ⎜

  of November, 1887.        ⎬ Alfred G. Baker.

     John J. Wilkinson, ⎜

[Seal.]  Notary Public.    ⎦

This statement was served on John F. Forepaugh and J. Leaming Forepaugh on November 16 and 26, 1887, respectively. December 5, 1887, the following affidavit of defense was filed:

"J. Leaming Forepaugh, one of the above-named defendants, for himself and John F. Forepaugh, being duly sworn, says he has a just and true defense to the whole of plaintiff's claim of the following character and nature, to wit: That the notes, the subject of this suit, were given by your deponent in the names of John F. Forepaugh & Son to Wm. M. Wilson & Company, at their request, without any value or consideration whatever; that said notes were given by deponent after the dissolution of said John F. Forepaugh & Son, and that your deponent believes that the same were transferred to Alfred G. Baker without full value, for the purpose of avoiding the defense which said deponent has to said notes against said William M. Wilson & Company; that said plaintiff, Alfred G. Baker, took the said notes after the insolvency and failure of John F. Forepaugh & Son, the makers, as appeared on said notes, and after the dissolution and failure of said William M. Wilson & Company, the drawees, as appeared on said notes. All of which facts the said deponent believes, and expects to be able to prove, on the trial of this case; and further deponent saith not."

December 8, 1887, the plaintiff obtained a rule on defendants to show cause why judgment should not be entered against them for want of a sufficient affidavit of defense. The rule was made absolute December 10, 1887, and this was assigned as error.

*William C. Mayne,* for plaintiffs in error.—It is not contended that the affidavit setting forth the defendants' defense in this case is entirely free from technical defects. It was hastily prepared; but it contains substantially all the elements of a good defense. It is not necessary for the defendant to meet by his oath every objection or argument against his case which fine critical skill may deduce. Leibersperger v. Reading Sav. Bank, 30 Pa. 531.

It is no objection that the defense be expressed in brief and comprehensive language. Selden v. Neemes, 43 Pa. 421; Thompson v. Clark, 56 Pa. 33; Bronson v. Silverman, 77 Pa. 94.

If the averment is properly laid, it is a defense, as constituting the necessary elements which furnish a good plea in abatement. National Bank v. American Ship Bldg. Co. 1 Sad. Rep. 380; Billington v. Gautier Steel Co. 19 W. N. C. 339.

As to parties having previous dealings with the firm, actual notice of the dissolution must be given. Brown v. Clark, 14 Pa. 469; Watkinson v. Bank of Pennsylvania, 4 Whart. 482, 34 Am. Dec. 521.

In an affidavit of defense the affiant, while bound to give notice of the facts of his defense, is not required to set out the evidence by which he intends to support it; to require the latter would be impracticable, and consequently would do great injustice. Appleton v. Donaldson, 3 Pa. St. 389.

While a holder for value without notice of accommodation notes may appropriate them to a pre-existing debt (Ibid.; Pa. St. 389; Lord v. Ocean Bank, 20 Pa. 384, 59 Am. Dec. 728; Work v. Kase, 34 Pa. 138), yet (Hutchinson v. Boggs, 28 Pa. 294), wherever the affidavit alleges facts that show that the notes were negotiated in fraud of the rights of defendant, the plaintiff must show that he is a holder for value without notice of the fraud. Where the affidavit alleges that the holder obtained the notes without full value, and with notice of the purpose for which they were made, it is a sufficient averment of defense. Selden v. Neemes, 43 Pa. 421; Thompson v. Clark, 56 Pa. 33; Bronson v. Silverman, 77 Pa. 94.

The affidavit sets up substantially that the notes are not held by the holder for full value, but were transferred to avoid a defense which the makers have against the payees and is sufficient. Eyre v. Yohe, 67 Pa. 477; Bronson v. Silverman, 77 Pa. 94; Reznor v. Supplee, 81 Pa. 180; Moeck v. Littell, 82 Pa. 354; Royer v. Keystone Nat. Bank, 83 Pa. 248, and Yost v. Keystone Nat. Bank, 83 Pa. 250; Oberle v. Schmidt, 86 Pa. 221; Gunnis v. Weigley, 114 Pa. 191, 6 Atl. 465; Delp v. Sowers, 5 W. N. C. 167.

An affidavit in which the affiant swears according to his belief, and adds to his affidavit "all of which he believes he can prove," is sufficient. Black v. Halstead, 39 Pa. 64.

*George W. Morris*, for defendant in error.—Actual notice must be given to those who have had previous dealings with the firm, while a newspaper advertisement may suffice as to those who have had no such dealings. Watkinson v. Bank of Penn-

sylvania, 4 Whart. 482, 34 Am. Dec. 521; Brown v. Clark, 14 Pa. 469.

OPINION BY MR. JUSTICE STERRETT:

In this action by the holder against the makers of two negotiable notes the statement of plaintiff below, embodying everything that is required by the civil procedure act of May 25, 1887 (P. L. 271), presents a clear prima facie case in his favor. The only question is whether the court below erred in holding that neither of the material averments of fact contained therein is traversed or denied by the affidavit of defense.

We are clearly of opinion that it did not. The allegation that the notes were given to the payees "at their request, without any value or consideration whatever," amounts to nothing, in the absence of an explicit denial that plaintiff was a bona fide holder for value without notice. The averment that defendants believe the notes were transferred to Alfred G. Baker without full value, for the purpose of avoiding the defense "they claim to have against the payees, is wholly insufficient, in that it is entirely consistent with the fact that the indorsee and holder, without knowledge of any such purpose, gave value for the notes. There is no averment, express or implied, that he had any knowledge of the alleged purpose; nor was it necessary, in order to become a holder for value, that he should give the full face value of the notes. There is no merit in the averment that the notes were given by one of the firm defendants after dissolution of their copartnership. The affidavit of defense is silent as to notice, actual or constructive, of the dissolution. If plaintiff below had previous dealings with the firm, he was entitled to personal notice; if not, notice by publication, at least, was necessary. Watkinson v. Bank of Pennsylvania, 4 Whart. 482, 34 Am. Dec. 521; Brown v. Clark, 14 Pa. 476; Clark v. Fletcher, 96 Pa. 416.

In the case last cited it is said: "When an ostensible or known member of a copartnership retires therefrom and wishes to shield himself from liability for future debts of the firm, it is necessary that personal notice of his withdrawal be given to all who have had dealings with the firm; and that notice be given by publication or otherwise to all others." The court was clearly right in entering judgment for want of a sufficient affidavit of defense.

Judgment affirmed.