## Lowry National Bank *v.* Hazard, Appellant.

*Promissory notes—Indorsee against maker—Affidavit of defense.*

In an action by an indorsee against the maker of a promissory note, an affidavit of defense setting up alleged misrepresentations made by the payee to the maker as the inducement for the note, is insufficient to prevent judgment if it appears from an analysis of the affidavit that the alleged misrepresentations were merely statements of intention or promises by the maker, and not misrepresentations as to any existing facts.

Argued Jan. 5, 1909. Appeal, No. 162, Jan. T., 1908, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1908, No. 631, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lowry National Bank of Altoona ·v. Horace G. Hazard and John H. Hillman, trading as Horace G. Hazard & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit by an indorsee against the maker of a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense are set forth in the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*George F. Deiser,* for appellants.—Fraud is an act of intentional deception, resulting in injury to another, and it has the effect of rendering voidable every transaction into which it enters as a constituent element: Lamberton v. Dunham, 165 Pa. 129; Edelman v. Latshaw, 180 Pa. 419; Clark v. Everhart, 63 Pa. 347; McAleer v. McMurray, 58 Pa. 126; Abbey v. Dewey, 25 Pa. 413.

The presumption is that the indorsee of negotiable paper received it bona fide, in due course of business, and for a valuable consideration. But where it has been obtained from the maker by fraud the holder must show that he purchased it for value before maturity without notice: Gray's Administrator v. Bank of Kentucky, 29 Pa. 365; Hutchinson v. Boggs, 28 Pa. 294; Knight v. Pugh, 4 W. & S. 445; Real Est. Investment Co. v. Russel, 148 Pa. 496.

*Albert L. Moise,* of *Sharp, Alleman & Moise,* for appellee.— The representations which are complained of in the affidavit as fraudulent are as to matters merely collateral to and not forming part of the consideration, and, if false, do not amount to fraud. Hagerman's statements, as to his future intentions, were not misrepresentations of existing facts and cannot be held to constitute fraud: Miller v. Fulmer, 25 Pa. Superior Ct. 106; Smith v. Smith, 21 Pa. 367; Fulton v. Hood, 34 Pa. 365; Grove v. Hodges, 55 Pa. 504.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1909:

This was an action of assumpsit by an indorsee against the maker of a promissory note. The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant has taken this appeal. The judgment was rightly entered by the common pleas. The single question for determination below and here is whether the averments of the affidavit were sufficient to put the indorsee to proof that he was a holder for value, before maturity and without notice. The defendant seeks to impose this burden upon the plaintiff by the allegation of fraud and undue means in the procurement of the note in suit. The averments in the affidavit, however, are wholly insufficient for the purpose.

In Grove v. Hodges, 55 Pa. 504, Mr. Justice STRONG, delivering the opinion, said (p. 519): "It would be going very far to hold that a man may be relieved from his deed by proof that when it was made promises were held out to him that were not performed, and that is the utmost that was exhibited in this case. Fraud, it is true, avoids all contracts, but fraud consists

in false representations of things as facts which are not such, or in deceitful concealment of existing facts, neither of which is found in the evidence. . . . A promise is not, in itself, a false and deceitful representation. Performance may have been intended when the promise was made." The note in suit was given by the defendant to one C. W. Hagerman who, as averred in the statement, indorsed and delivered it to the plaintiff before maturity, for value, and in the regular course of business. The defense set up in the affidavit is that the defendant company executed and delivered the note in suit, together with four other notes, to Hagerman under an agreement with him by which the company was to receive one-fourth of the capital stock of a company to be incorporated under the name of the West Florida Hardwood Company; that the notes were executed upon the reliance of representations of Hagerman that he controlled the capital stock of the corporation, known as the Southern Hardwood Manufacturing Company, which owned valuable timber land in Florida; that he was skilled in the cutting of timber and manufacturing the same for market; that he had expended large sums of money in acquiring an interest in the same; that the rights of the southern company to cut and market timber would be transferred to the west Florida company, of which Hagerman was president, and that he would do all in his power to make it successful financially. It is further averred that the "representations, promises and undertakings" were made for the purpose of defrauding defendant company; that it was Hagerman's intention to wreck the west Florida company in order that he might acquire the rights and properties of the company; and that Hagerman "fraudulently accomplished said purpose by not conducting the operations of the said company or exercising or attempting to exercise any skill in the cutting and manufacturing of said timber by having no skill whatever in that particular, by abandoning the business of the company one month after its formation and doing everything in his power to wreck the said corporation," by having said company execute a fraudulent mortgage on its property and a sale thereof on said mortgage in foreclosure proceedings.

It will be observed that the averments of the affidavit sub-

stantially amount to an allegation that Hagerman did not comply with the promises he made in conducting the business of the West Florida Hardwood Company and permitted its property to be sold and defendant thereby to lose its stock. There is no averment that Hagerman's representations as to the existence and financial condition of the two companies or the property they held were false, or that he did not control the stock of the southern company, or that he did not expend large sums of money in acquiring an interest in the company. It is not alleged that Hagerman did not transfer to the defendant company the one-fourth of the capital stock of the west Florida company as he agreed to do; and hence it must be assumed that he complied strictly with his promise and transferred the stock. This was the consideration for the notes executed and delivered by the defendant to Hagerman, one of which is now in suit. The representations as to his ability in cutting timber was a matter of opinion about which there could reasonably be a difference of judgment, and was not sufficient to convict of a fraudulent intent: Blair v. Laflin, 127 Mass. 518. As has been said, there is no allegation of the untruth of Hagerman's representations as to existing facts relative to the property of the west Florida company or its value at the time the notes were given for one-fourth of its stock. If there were any misrepresentations it was as to the manner in which he could or would conduct the lumber business and of his intentions in regard to it. These, as we have seen, do not constitute fraud in law so as to shift the burden of proof upon the holder of a negotiable instrument to show that he is a bona fide holder for value. So far as appears, Hagerman may have intended, at the time he made them, to carry out in good faith every representation he made regarding his intentions and the manner of conducting the business, but whether he did or not they were not representations of existing facts but promises to be fulfilled in the future in regard to the business of the corporation, the stock of which was transferred to the defendants as consideration for the notes given Hagerman. If the allegations of mismanagement made by the defendant company in its affidavit be true, it had an ample remedy to have it corrected and to have the company's rights

enforced. But the defendant is not in a position to ask the court to impose a burden upon the bona fide holder of a promissory note, given as a consideration for its stock in the corporation, that it may be protected against the mismanagement of the corporation. That is substantially what is asked in the affidavit of defense to this action, and hence the affidavit is wholly insufficient to prevent judgment on the note in favor of an indorsee, prima facie a holder for value.

The judgment is affirmed.