## Homewood Peoples Bank *v.* Simon, Appellant.

*Promissory notes—Fraud—Defense—Suit by endorsee—Act of May 16, 1901, P. L. 194—Negotiable instruments.*

1. Where the maker of a promissory note, gives the note for the full amount on a disputed claim with "the understanding" that payee would adjust disputed items by a conference to be held later, the subsequent refusal of payee to confer, is a mere breach of an understanding, and not an act rendering a previous negotiation of the note a breach of faith, or constituting the original obtaining of the instrument a fraud on the maker within the meaning of section 55 of the Act of May 16, 1901, P. L. 194.

Argued October 16, 1923. Appeal, No. 141, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 2849, on verdict for plaintiff, in case of Homewood Peoples Bank v. J. I. Simon. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by endorsee against maker on promissory note. Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,654.10. Defendant appealed.

*Error assigned* was ruling on evidence, referred to in opinion of Supreme Court, quoting bills of exceptions.

*John J. Kennedy,* of *Griffith & Kennedy,* with him *Frank C. Rugh,* for appellant, cited: Schultheis v. Sellers, 223 Pa. 513; Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429; McChesney v. Guernsey, 61 Pa. Superior Ct. 490; Whipple v. Lewis, 74 Pa. Superior Ct. 48; Horrell v. Reeves & Nelson, 72 Pa. Superior Ct. 129.

*A. C. Purdy,* of *Scott & Purdy,* for appellee, cited: Republic Foreign Products Co. v. Southwork F. & M. Co.,

269 Pa. 522; Harkins v. Pennsylvania Mut. Life Ins. Co., 67 Pa. Superior Ct. 261; Putnam v. Ensign Oil Co., 272 Pa. 301; Green v. Dick & Shope, 72 Pa. Superior Ct. 266.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

This action is by an endorsee against the maker of a promissory note. At the trial, plaintiff proved execution and nonpayment of the obligation and rested. Defendant offered to prove the note was obtained from him by fraud and duress on part of payee; that it was necessary to give the note to procure payee's release of a building from lien for work done and materials furnished; that payee had presented a bill for extras over and above the contract price, which was questioned, and defendant made the note for the full amount of the disputed balance "on the understanding" payee would "adjust these items by conference to be had later"; that defendant afterwards sought to have such conference but payee "refused to meet up with him or in any way to give credit upon said note"; and further it was understood, pending such adjustment, "only partial payments by the month" should be made on the indebtedness. This offer was objected to and the evidence excluded for the reason defendant did not propose to show plaintiff had notice of the facts stated in the offer. The jury found for plaintiff and a motion for judgment non obstante veredicto and for a new trial were subsequently overruled and judgment entered on the verdict. Defendant appealed.

Section 59 of the Negotiable Instrument Act of May 16, 1901, P. L. 194, provides that where it is shown the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove he, or some one under whom he claims, was a holder in due course without notice of such defect. The provisions of section 55 of the same act are as follows: "The title of a person who negotiates an instrument is defective,

within the meaning of this act, when he obtained the instrument or any signature thereto by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to a fraud." Under section 59, if defendant proves facts constituting fraud the burden shifts to plaintiff to show he was a bona fide holder in due course for value: Second Nat. Bank v. Hoffman, 229 Pa. 429; Putnam v. Ensign Oil Co., 272 Pa. 301. The weakness of defendant's offer is that although it charges fraud, the specific facts, out of which it is alleged to arise, are wholly insufficient to establish the allegation. Defendant was aware the note sued on was a negotiable instrument, transferable by delivery, and in the ordinary course of business might be discounted in bank. Notwithstanding this knowledge he imposed no restriction or condition on the right to negotiate, but gave it relying upon payee's promise to adjust disputed items by a conference to be held later. The subsequent refusal of payee to confer was a mere breach of an "understanding" and not an act rendering a previous negotiation of the note a breach of faith or constituting the original obtaining of the instrument a fraud on the maker within the meaning of section 55 of the Negotiable Instruments Law: Lowry National Bank v. Hazard, 223 Pa. 520, and cases cited.

The judgment is affirmed.