Sharples, Appellant, *v.* Northampton Transit Co.

Argued February 2, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Sadler, Schaffer and Maxey, JJ.

*Herbert J. Hartzog,* for appellant.

*Edward J. Fox,* of *Fox & Fox,* for appellee.

PER CURIAM, March 16, 1931:

Plaintiff sued in assumpsit for installments due and unpaid on mortgage bond interest coupons issued by defendant company, which admits in its affidavit of defense that the coupons in question were due and unpaid but alleges that the terms of the bonds and mortgage restrict right of action for unpaid interest coupons to the trustee named in the mortgage under which the bonds were issued, and that this remedy is exclusive. Plaintiff denied this contention and moved for judgment for want of a sufficient affidavit of defense. The rule was dismissed and plaintiff appeals.

This is a case clearly within the rule laid down in Griffith et al. v. Sitgreaves, 81* Pa. 378, 382, where we said,—and our language has been repeated, often, and on a number of occasions recently,—that: "The act of assembly authorizing writs of error to be taken when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense, was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law. In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause under proper instructions from the court." See also Ætna Ins. Co. v. Confer, 158 Pa. 598, 604, and Smith v. Brockway Motor Truck Corp., 302 Pa. 217, and cases there cited. What we said in the cases above named is unquestionably applicable here, and the court below was not in error in discharging plaintiff's rule for judgment.

The order of the court below is affirmed.