Nationwide Building & Loan Assn., Appellant, v. Isaacs.

Argued October 7, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Theodore G. Rich,* and with him *Edgar S. McKaig* and *Philip Sterling,* for appellant.

*Meyer Emil Maurer,* and with him *Hirschwald, Goff and Davis,* for appellee.

PER CURIAM, November 20, 1931:

Plaintiff brought suit to recover on a note given by the defendant, a stockholder of the Samuel M. Hyneman Building & Loan Association, subsequently merged with the plaintiff association.

On September 29, 1930, a meeting of the plaintiff association was held and it was decided that the association should be liquidated and thereafter demand was made on the defendant to pay the note with interest. The affidavit of defense averred that at the meeting of the association in November, 1929, she had requested the association to appropriate sufficient of the stock to pay the note.

It is alleged that at the date of the meeting, the association was insolvent and unable to pay its shareholders their respective contributions. This is denied. The note of the defendant set out that all monies paid into the association by the maker should be considered as made in liquidation of the loan.

The learned trial judge was of the opinion that there were questions of fact raised by the affidavit of defense which should be submitted to the jury. We will not disturb the conclusion reached. It is only in clear cases that we will reverse the lower court for refusing

to enter judgment for want of a sufficient affidavit of defense: Sharpless v. Northampton Transit Co., 303 Pa. 211.

The judgment is affirmed.