Bucks Co. Trust Co. *v.* Fell, Appellant.

Argued November 19, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*John L. DuBois,* for appellant.

*Henry A. James,* for appellee.

Opinion by Keller, J., March 5, 1932.

Judgment was entered for plaintiff for want of a sufficient affidavit of defense in an action on a promissory note made by defendant.

The plaintiff's statement averred the execution and delivery of the note by the defendant, its endorsement by the payee, and its negotiation for value, by the next indorser, to the plaintiff, which discounted the same

and became the holder in due course thereof before maturity and without notice of any defect or infirmity therein.

The affidavit of defense admitted the execution and delivery of the note by defendant, but defended on the following grounds:

(1) It denied that the payee received any value from the next indorser. This is not material.

(2) It averred that the payee obtained the note without any consideration and by means of gross misrepresentations. Elaboration of this averment shows that "failure of consideration" was meant, and the "gross misrepresentations" charged are not explained or set forth in the affidavit. Failure of consideration does not constitute such a defect of title under sections 55 and 59 of the Negotiable Instruments Act of 1901, P. L. 194, as to put on a holder, other than the payee, the burden of proving that he acquired the title as holder in due course: Levitt v. Johnstown Office Supply Co., 103 Pa. Superior Ct. 76, 80, 81; and general averments of fraud are not sufficient to do so either: Homewood Peoples Bank v. Simon, 279 Pa. 118, 120.

(3) It denied that plaintiff was a holder in due course for value, but furnished no facts to substantiate the denial. This is not enough: Glassport Trust Co. v. Feightner, 300 Pa. 317, 320.

(4) It denied that plaintiff gave *full* value for the note. By itself, and without averment of other facts showing plaintiff's prior knowledge of a defense to the note, this is not sufficient, if there was a valuable consideration moving from the plaintiff: Forepaugh v. Baker, 10 Sadler 97, 101, 13 Atl. 465; Bitner v. Diehl, 61 Pa. Superior Ct. 483, 487.

(5) It averred that the payee and the next indorser offered to sell plaintiff notes of the face value of $5,000 for half that amount, but it did not aver when this took place, whether before or after the note in suit

was discounted, or that the note in suit was one of said notes, or anything having any probative force in establishing notice to the plaintiff of any defect or infirmity in the note in suit before it was discounted by plaintiff. It did not aver that the plaintiff had any notice of any failure of consideration in the transactions between defendant and the payee of the note, which led up to the giving of the note, prior to its discount by the plaintiff. The sale of a promissory note for less than its face value is not, of itself, any evidence of notice of defect or infirmity. The consideration may be based on the estimate of its value.

Having failed to amend following the grant of leave to do so by the court, it must be assumed that the affidavit as filed is as strong as the defendant could truthfully make it.

The judgment is affirmed.