Hardysh, Appellant, v. Yurkovsky.

Argued March 7, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Edward J. Flynn,* for appellant.

*R. S. Hemingway,* and with him *Ralph R. John* and *J. Atlee Cryder,* for appellee.

OPINION BY CUNNINGHAM, J., April 17, 1933:

Plaintiff's action was in assumpsit to recover from defendant upon two separate items, with interest on each,—$2,000 upon a promissory note, made and de-

livered by defendant to plaintiff, and $75 for money loaned by plaintiff to defendant.

Defendant filed an affidavit of defense, the third paragraph of which was twice amended, in which he averred, as to the item of $75, that the money had been loaned to the Mountain Grove Coal Company and not to defendant.

Plaintiff, conceding the sufficiency of the affidavit as to this item but contending that it was insufficient as to the item of $2,000, obtained a rule for judgment for want of a sufficient affidavit of defense to so much of his claim as was based upon the note, without prejudice to his right to proceed for the recovery of the balance.

The court below, after argument, discharged the rule and plaintiff has appealed.

From the pleadings these practically undisputed facts appear: Hardysh, the plaintiff, was the owner, on January 4, 1932, of twenty-five shares of the capital stock of the Mountain Grove Coal Company, of the par value of $100 each, and Yurkovsky, the defendant, was the president of the coal company.

On that date, defendant made and delivered to plaintiff the note in suit; whether it was executed and delivered at the home of plaintiff in Mt. Carmel, as alleged by him, or at the home of defendant in Bloomsburg, as contended by him, is in dispute under the pleadings.

The note reads: "$2,000. January 4, 1932. Three months after date I promise to pay to the order of Andrew Hardysh two thousand dollars at Conyngham State Bank, Pa. Value received No. for 25 due ......
shares Mt. Grove Coal Co. capital stock. (Signed) M. E. Yurkovsky."

The certificate for the twenty-five shares of stock was delivered by plaintiff to defendant, with the

power of attorney on the back thereof executed by plaintiff in blank.

The defense pleaded in the affidavit against the demand for payment of the note is thus correctly summarized by the court below.

"In the third paragraph of the affidavit of defense, as finally amended July 18, 1932, the defendant admits the execution and delivery of the note, but avers that at the time and immediately before the execution of the same, the plaintiff delivered to him the stock certificate mentioned in the note, with the agreement and understanding between them that he, the defendant, was to attempt to sell for the plaintiff the said shares of stock for $2,000 and turn the proceeds of the sale over to the plaintiff, whereupon the plaintiff was to return the said note to him, and that it was further understood and agreed between them at the time that, if the defendant was unable to sell the said stock within ten days following January 4, 1932, for $2,000, he was to return the certificate to the plaintiff and the plaintiff was to return to him the note, and the transaction was to be considered as closed.

"It is further averred in the affidavit that he was unable to sell the stock for $2,000 within the ten-day period, and that on or about January 18, 1932, he verbally notified the plaintiff to that effect and offered to return the stock certificate to him and demanded the return of the note, and that he (plaintiff) refused to accept the stock certificate or return the note, and that in instituting this action in assumpsit the plaintiff is attempting to make a fraudulent use of the said note, in violation of the promise and agreement made at and before the note was signed by the defendant, and without which promise and agreement he would not have executed the note."

The present holder of the note is the payee named therein and, in our opinion, it is not clear that plain-

tiff is entitled to a summary judgment in his favor. Debatable propositions of fact and law are involved under these pleadings and they can be disposed of to better advantage after the facts have been fully developed at a trial.

One conclusion which might be drawn from the facts stated in the affidavit would be that the note was merely given as security that the defendant would account for the proceeds of the sale of the stock, or, if he could not sell it, would return the certificate. If that was the real transaction, there was no unconditional delivery for value.

Where a doubt exists as to whether a summary judgment should be entered, this should be resolved in favor of refusing to enter it: Davis et al. v. Investment Land Co., 296 Pa. 449; 146 A. 119; Ottman et al. v. Nixon-Nirdlinger et al., 301 Pa. 234, 244; 151 A. 879, and an order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed except in such cases as are clear and free from doubt: Colonial Securities Co. v. Levy et al. (No. 2), 302 Pa. 329, 331; 153 A. 553; Sharples v. Northampton Trans. Co., 303 Pa. 211, 212; 154 A. 390.

Order affirmed.