Security Trust Company *v.* Hubert, Appellant.

Argued April 27, 1933.

Before TREXLER, P. J., KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES,
JJ.

*William L. Jacob,* for appellant, cited: Putnam v.
Ensign Oil Company, 272 Pa. 301; Homewood Peoples Bank v. Simon, 279 Pa. 118; Citizens Bank of
Wind Gap v. Lipschitz, 296 Pa. 291.

*Bowdoin U. McClintock,* and with him *Harry J.
Alker, Jr.,* of *Patterson, Goehring, McClintock & Collin,* for appellee.—Subsequent failure of consideration
is not a defense to a suit by a bona fide holder of a
negotiable instrument against the maker. Bucks
County Trust Co. v. Fell, 104 Pa. Superior Ct. 277.

OPINION BY CUNNINGHAM, J., November 17, 1933:
This appeal involves the sufficiency of defendant's
pleadings in a suit upon a promissory note. The
original statement of claim and affidavit of defense
were superseded, and may be disregarded. The
amended statement of claim was answered by an
amended affidavit, and later by a "supplemental" affidavit of defense, complete in itself. Plaintiff's motion
for judgment for want of a sufficient affidavit of de-

fense was argued before three of the judges of the court below and, in an able opinion by SOFFEL, J., the affidavit was adjudged insufficient and a summary judgment entered for plaintiff. From this action defendant has appealed.

The statement of claim avers that in September, 1927, the plaintiff bank paid to one S. H. Porter the sum of $2,400 for the discount of a note drawn by the defendant to the order of Hydro-United Tire Corporation in that amount; that this note was reduced and renewed from time to time until April 15, 1931, when defendant made and delivered to Hydro-United Tire Corporation the note in suit, in the sum of $500, payable August 15, 1931, and representing the last instalment on the initial obligation; and that it was endorsed by the payee and delivered to Porter, who in turn endorsed and delivered it to the plaintiff, before maturity, for value and without notice of any defects in title.

The defense, in substance, is that the Hydro-United Tire Corporation was one of a series of corporations organized for the purpose of making fraudulent sales of stock; that the original note was given to it by defendant for the purchase of shares of stock in a company called the Dickinson Cord Tire Corporation, at $25 a share, which defendant purchased in reliance upon the representations of a named agent of Hydro-United Tire Corporation that the sound market value of the stock was $25 a share, but defendant discovered, after April 15, 1931, (the date of the note in suit) that the Dickinson stock was worthless at the time it was sold to him and never had any value, and that the charter of the payee had been revoked by the Governor of the State of Delaware in April, 1930. It is further averred that Porter, a director of plaintiff bank, was a party to a written agreement with one J. G. Feist, as president of the Hydro-United Tire Cor-

poration, under which Porter was to be paid the sum of $25,000 for his services in endorsing, and procuring the discount of, the paper of that corporation; that this agreement was made with the knowledge and approval of the plaintiff bank, and particularly with the approval of George M. Longacre, its treasurer, and was on file with the bank; that the treasurer had demanded no financial statement of any sort from the payee or from Porter; and that through Porter's connection with the bank and from other sources the officers of the bank, and especially its treasurer, had knowledge of the entire transaction, knew of the agreement between Porter and the payee, and also knew that the note was valueless and had been procured upon fraudulent representations and in payment for worthless stock. Additional averments set forth that the bank was not a holder in due course, but acquired the note subsequent to August 15, 1931, the date of maturity, without giving any value, and with notice of the defect in the title to it. ,

The theory upon which the judgment was entered was, first, that the alleged fraud amounted to nothing more than a failure of consideration; and second, that the averments relative thereto and to plaintiff's knowledge thereof, as well as those with respect to the delivery of the note after maturity, were based only upon information and belief, and were of a character too general to constitute a valid defense. The case is not free from difficulty and some of the authorities cited and relied upon by the court below seem, upon first reading, to support the conclusion there reached.

We are of opinion, however, that when the applicable cases are read in immediate connection with the language of the pleadings considered in each, the construction placed upon the affidavit in this case will be found to be too severe. It is true that mere failure of consideration does not constitute a defense as

against a holder in due course, (Bucks Co. Tr. Co. v. Fell, 104 Pa. Superior Ct. 277, 159 A. 65); but if the averments in this affidavit are true, they indicate that a fraud was perpetrated upon defendant. They are set forth with considerable detail and not only allege that defendant did not get his money's worth, but aver that he was induced to purchase the stock by representations which were known to be false. The appended foot note is a quotation from the first paragraph of the affidavit and is typical of the method of pleading adopted.[1] When the affidavit is considered as a whole, the facts stated might, if proven, justify an inference of knowedge and bad faith, in view of the unusual circumstances of the case. At least, sufficient details have been given of the transaction itself, and of the circumstances relied upon to show knowledge upon the part of the plaintiff bank, to enable it to understand the nature of the defense.

[1] "Defendant is informed and believes and therefore avers that the note upon which suit is brought and the original note, dated September 26, 1927, came into possession of said S. H. Porter fraudulently and through connivance with one J. G. Feist, President of the Hydro-United Tire Corporation and that nothing of value was paid for either of said notes and the endorsement of said note to Porter was void because it was without authority or knowledge of the board of directors as required in the by-laws of said company. Defendant avers that the plaintiff bank is not a holder in due course of the note upon which this suit is brought for the reason that the said note was not endorsed over to the said bank until after its maturity and for the further reason that at the time said note was endorsed over to the plaintiff bank, it paid nothing of value for said note. Defendant has exhausted all means and sources of information open to him to ascertain the truth or falsity of the matter and from his knowledge of collateral cognate matters is informed and believes and therefore avers that the endorsing over of this note was in pursuance to a written agreement between J. G. Feist, President of the Hydro-United Tire Corporation and S. H. Porter, with the knowledge of the bank, whereby Feist was to pay Porter the sum of $25,000 for his services in endorsing paper for the benefit of the Hydro-United Tire Corporation. The terms of the aforesaid written agreement are well known to said bank, which has possession of the original or a copy thereof. Defendant has endeavored to obtain a copy of said agreement from said bank and has repeatedly requested and demanded production of the same for his inspection

but his request has been denied. Therefore defendant demands production of said agreement at the trial of this case. Defendant avers that said agreement was made with the knowledge and approval of the plaintiff bank and particularly of its treasurer, George M. Longacre. At the time said note was given, the Hydro-United Tire Corporation was a non-existing entity, its charter having become inoperative and void on April 1, 1930, by order of the Governor of the State of Delaware and this fact was well known to the officers of the Hydro-United Tire Corporation, to the said S. H. Porter and to the plaintiff bank. Defendant further avers that he received nothing of value for the note dated December 26, 1927, and nothing of value for the note dated April 15, 1931."

It may be granted that ordinarily a bank is not chargeable with the knowledge of the director or officer who offers commercial paper for discount: United States Nat. Bk. v. Evans, 296 Pa. 541, 146 A. 126; Dominion Trust Co. v. Hildner, 243 Pa. 253, 90 A. 69. On the other hand, it cannot be said that under no circumstances will the knowledge of a responsible officer, such as the treasurer, be imputed to the corporation which he serves.

In the court below the emphasis was laid, not so much upon the alleged indefiniteness of material allegations, as upon the fact that they were made on information and belief. It is suggested that either the sources of the information should have been stated, or it should have been demonstrated that all sources of knowledge had been exhausted. The allegations made upon information and belief are coupled with the defendant's averment that he believes them to be true and expects to be able to prove them at the trial of the case.

Two classes of denials in affidavits of defense—those based upon, (a) lack of knowledge, and, (b) information and belief—have given the profession considerable trouble and have been discussed in a number of appellate decisions. Among the previous cases are Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 112 A. 632; Snellenburg Clothing Co. v. Levitt, 282 Pa. 65, 127 A. 309; New York Hotel Statler Co. v. Girard

Bank, 89 Pa. Superior Ct. 537; Eliel v. Chamberlain, 48 Pa. Superior Ct. 610; Glassport Trust Co. v. Feightner, 300 Pa. 317, 150 A. 644; Grange National Bank v. Collman, 103 Pa. Superior Ct. 235, 158 A. 195; and Riccardi Motor Car Co. v. Weinstein, 98 Pa. Superior Ct. 41.

By reason of material differences in the pleadings considered in the respective cases, some difficulty will be encountered in attempting to reconcile everything that has been said in them; but, although the distinction between the two classes of denials may have become somewhat obscured, we think these general principles may be deduced from the decided cases.

Where an averment of lack of knowledge is coupled with a denial, then the party making the denial may well be asked not only to aver generally that he has been unable to obtain the knowledge, but also to state specifically what efforts he has made to obtain that information: Snellenburg Clothing Co. v. Levitt, supra; Riccardi Motor Car Co. v. Weinstein, supra. This is particularly reasonable where, from the nature of the facts involved, there would on the surface seem to be sources from which the information might be derived. Otherwise, a denial might be an easy avoidance of the truth.

But under the amendment of June 12, 1931, P. L. 557, to section 8 of the Practice Act of May 14, 1915, P. L. 483, (construed by the Supreme Court in Bk. of Am. Nat. Tr. & Sav. Assn. v. Sunseri et al., 311 Pa. 114, 166 A. 573) neither party is required to allege or prove that he has inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party.

An averment on information and belief falls into a different category. It differs from a direct denial only in that the pleader has second-hand, rather than first-hand, information. In certain instances, first-hand in-

formation cannot be obtained. Where this is the case, and resort must be had to knowledge gained from others, the pleader need only convince himself conscientiously of the truth of what he has learned, and aver it as specifically as possible: See Buehler v. U. S. Fashion Plate Co., supra. He need not invariably state the sources of his information. That these are genuine and credible is established by his solemn oath that he believes the facts to be true and expects to be able to prove them at the trial.

The sufficiency of an averment must necessarily vary with the facts averred. If the defense is adequately stated, and if the pleadings indicate that an honest effort has been made to obtain the information set forth, we think this is a sufficient compliance with the requirements of the decided cases.

Appellee has cited several decisions in which the affidavit of defense has been held insufficient. On examination, however, these will be found generally to fall into one of two classes; either that in which the defendant pleads ignorance but does not make it clear he has honestly exhausted all sources of information; or that in which he contents himself with mere general averments of legal conclusions, such as fraud, without setting forth the facts from which such conclusions might be reached.

The application of these principles to the case in hand results in the creation of a doubt as to the right of the plaintiff to a judgment upon the pleadings. This doubt is materially increased when it is observed that the plaintiff avers the payee corporation "duly endorsed" the note to Porter, who endorsed the same to plaintiff, and the affidavit denies the validity of the endorsement upon the ground that the corporate existence of the payee had been terminated by the action of the Governor of the State of Delaware, prior even to the date of the note. As was said in Lycom-

ing Trust Co. v. Allen, 102 Pa. Superior Ct. 184, 156 A. 707, where the genuineness of endorsements through which plaintiff claims title is properly put in issue, the plaintiff must prove the endorsements.

The settled rule, under such circumstances, is that a summary judgment will not be sustained unless the plaintiff's right thereto is clear and free from doubt: Minster, Jr. v. Blair, Inc., 94 Pa. Superior Ct. 401; Hardysh v. Yurkovsky, 108 Ibid. 546, 165 A. 533, and cases there cited. The assignment of error to the entering of the judgment appealed from is sustained, and, in accordance with the established practice, we shall not discuss the other issues which seem to be involved.

Judgment reversed with a procedendo.