Wilkes-Barre Hotel Company, Appellant, *v.* Rust.

Argued March 6, 1934.

Before TREXLER, P. J.,

Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Gallagher,* and with him *Frank P. Slattery,* for appellant.

*Mitchell Jenkins,* of *Jenkins, Turner & Jenkins,* for appellee.

Per Curiam, April 16, 1934:

Plaintiff brought suit upon a contract of subscription for $1,000 of the Second Mortgage Bonds of the Wilkes-Barre Hotel Company. Defendant filed an affidavit of defense and a supplementary affidavit and the court, after a motion for judgment for want of a sufficient affidavit of defense, refused to enter judgment in favor of the plaintiff; hence the appeal.

The gist of the defense is that $560,000 was to be subscribed, and the amount subscribed was padded by subscriptions that were not bona fide, specifying them. That the campaign was never closed and the defendant withdrew his subscription in accordance to the privilege given under the terms of the subscription. There were other items of defense to which we need not refer.

The court below held that the matters involved could

not be summarily disposed of on the pleadings, but were "for determination at trial."

It does not clearly appear that the position taken by the court was error. The questions of law raised can best be determined after the facts are developed at the trial. An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed except in such cases as are clear and free from doubt. Hardysh v. Yurkovsky, 108 Pa. Superior Ct. 546, 165 A. 533; Smith v. Brockway Motor Truck Co., 302 Pa. 217, 153 A. 333.

Order affirmed.