## Putnam, Appellant, *v.* United Traction Company of Pittsburgh (No. 1).

Argued October 10, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John M. Reed,* for appellant.

*Robert L. Kirkpatrick,* with him *Maynard Teall, E. P. Griffiths* and *Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE LINN, November 25, 1935:

This appeal involves the same questions considered and disposed of in Ernest A. Frey v. United Traction Company of Pittsburgh, 320 Pa. 196, with one exception. In the affidavit of defense defendant demands proof of plaintiff's averment of ownership of the bonds, alleging that it has no means of knowledge of this fact. Plaintiff contends that in the absence of averment that defendant has inquired of plaintiff on the subject, the affidavit is insufficient to prevent summary judgment. The Act of May 14, 1915, P. L. 483, section 8, as amended* by the Act of June 12, 1931, P. L. 557, makes it unnecessary for a party to aver that he has inquired of the opposite party concerning facts, the proof of which he alleges to be within the exclusive control of the opposite party: Security Trust Co. of Pottstown v. Hubert, 110 Pa. Superior Ct. 418, 425, 169 A. 18. The issue of ownership must be tried by the jury. Accordingly, though not for the reason given by the learned court below, the judgment is affirmed and record remitted for trial.

---

* Again amended by the Act of July 12, 1935, P. L. 666.