## FIDELITY & CASUALTY CO. OF NEW YORK v. TURBY.

### No. 5780.

Circuit Court of Appeals, Third Circuit.

Dec. 23, 1935.

Wm. S. Bailey, of Harrisburg, Pa., for appellant.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Middle District of Pennsylvania. The case is presented on the pleadings, consisting of a statement of claim, affidavit of defense, and rule for judgment for want of a sufficient affidavit of defense. The District Court discharged the rule for judgment and directed that the case proceed to trial. This is an appeal from the court's refusal to enter judgment for want of a sufficient affidavit of defense.

In Pennsylvania a writ of error will lie when the lower court refuses judgment for want of a sufficient affidavit of defense. Act of April 18, 1874, P.L. 64, § 1 (12 P.S.Pa. § 1097); Griffith v. Sitgreaves, *81 Pa. 378; Sharples v. Northampton Transit Co., 303 Pa. 211, 154 A. 390, and cases there cited; Wood v. U. S. Natl. B. & L. Ass'n, 100 Pa.Super. 235, and cases there cited. On this question, however, we cannot follow the Pennsylvania practice. The appellate jurisdiction of the Circuit Court of Appeals is entirely statutory. As was said by Judge Parker in Cox v. Graves, Knight & Graves, Inc. (C.C.A.) 55 F.(2d) 217, 218:

230

"Our appellate jurisdiction rests upon section 128 of the Judicial Code (28 U.S.C.A. § 225), and, with certain exceptions not here material, it extends only to final decisions of the court below, and the order appealed from is not a final decision. A final decision is one which 'puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined.' France & Canada S. S. Co. v. French Republic (C.C.A.2d) 285 F. 290, 294; U. S. v. Bighorn Sheep Co. (C.C.A.8th) 276 F. 710. 'When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree.' Beebe v. Russell, 19 How. 283, 285, 15 L.Ed. 668; Steel & Tube Co. of America v. Dingess Rum Coal Co. (C.C.A.4th) 3 F.(2d) 805."

Tested by the ruling in the above-cited case, with which we are in entire accord, the lower court's refusal to enter judgment for want of a sufficient affidavit of defense is not a final decision.

We conclude that the instant appeal does not come within our appellate jurisdiction. The appeal is dismissed.