# Leiby, Appellant, v. Lutz.

*Affidavit of defense—Practice, C. P.—Act of April 18, 1874, P. L. 64.*

1. The Act of April 18, 1874, P. L. 64, authorizing an appeal from the refusal of the court of common pleas to enter judgment for want of a sufficient affidavit of defense, is intended to reach only clear cases of error in law. In doubtful cases, and especially in those requiring broad inquiry into facts, the matter in controversy should go to a jury.

2. In an action brought against two persons as partners for work done where it appears that the action was brought four years after the completion of the work, and that no statement was filed until twenty years after the action was brought, an affidavit of defense made by one of the partners is sufficient to prevent judgment where he avers on information and belief that within six months after the work was done the plaintiff "was settled with and paid in full for all his services," by the other partner.

Argued Feb. 17, 1909. Appeal, No. 24, Jan. T., 1909, by plaintiff, from order of C. P. Schuylkill Co., March T., 1889, No. 173, discharging rule for judgment for want of a sufficient affidavit of defense in case of William N. Leiby v. James L. Lutz and Frank Schwartz, trading as Lutz & Schwartz. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before BECHTEL, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*J. O. Ulrich,* for appellant.

*H. B. Craeff* and *R. J. Graeff,* for appellees.

PER CURIAM, April 12, 1909:

This action was brought in 1889 for work alleged to have been done by the plaintiff for the defendants between December, 1883, and September, 1884. After waiting for more than four years to bring this suit, he waited until November 2, 1908, to file his statement. More than twenty-four years after the last work is alleged to have been done the plaintiff for the first time filed his claim and called upon the defendants to file an affidavit of defense. In it there is an averment by Schwartz that he has been informed and believes that within six months after the work was done Leiby "was settled with and paid in full for all his services" by James L. Lutz, one of the defendants. Under the circumstances, the court did not err in holding that this affidavit of defense was sufficient to prevent a summary judgment. The Act of April 18, 1874, P. L. 64, authorizing an appeal from the refusal of the court of common pleas to enter judgment for want of a sufficient affidavit of defense, is intended to reach only clear cases of error in law. In doubtful cases, and especially in those requiring broad inquiry into the facts, the matter in controversy should go to a jury: Griffith et al. v. Sitgreaves, 81* Pa. 378. This is clearly such a case, and the order of the court in discharging the rule for judgment is affirmed.