Central Trust and Savings Company *v.* Miller et al., Appellants.

Argued October 18, 1928.

Before Henderson, Trex-
ler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Felice E. Darkow,* and with him *Jacob K. Miller,* for appellant.—An affidavit of defense alleging payment and discharge of an accommodation note was sufficient: Randall v. Dougherty, 2 Luz. L. Register 175; Appleton v. Donaldson, 3 Pa. 381; Marsh v. Consolidation Bank, 48 Pa. 510; Commonwealth v. Magee, 224 Pa. 168. An affidavit of defense alleging failure of consideration for promissory notes was sufficient: Kavanaugh v. Woll, 3 W. N. C. 242; Kessler v. Connor, 32 Superior Ct. 145; Clement v. Reppard, 15 Pa. 111; Lackawanna Trust Co. v. Carlucci, 264 Pa. 226. (See also Com. v. Magee, No. 2, 224 Pa. 168.)

*Julius C. Levi,* and with him *David Mandel, Jr.,* and *Alvin L. Levi,* for appellee.—An affidavit of defense alleging merely that a promissory note was given for accommodation and was paid by the person for whose accommodation it was made was insufficient: Fidelity

& Casualty Co. v. Gizynski, 93 Pa. Superior Ct. 152; Putnam v. Ensign Oil Co., 272 Pa. 301; New York Hotel Statler Co., Inc. v. Girard National Bank, 89 Pa. Superior Ct. 537. An affidavit of defense to promissory notes averring merely that there was a failure of consideration was insufficient: Meyercord Co. v. Gwilliam Manufacturing Co., 85 Pa. Superior Ct. 33; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478; Ireland Bros. v. Refowich Brothers, 90 Pa. Superior Ct. 221; Bromley v. Morse, 284 Pa. 588.

OPINION BY CUNNINGHAM, J., January 25, 1929:

The action was assumpsit against the P. Miller Furniture Company as the maker of five promissory notes and it has appealed from an order of the court below making absolute, for the entire amount claimed, plaintiff's rule for judgment for want of a sufficient affidavit of defense. The notes divide themselves into two classes: First, three notes drawn to the order of plaintiff upon the following dates and in the following amounts—December 19, 1927, $175, January 23, 1928, $225, February 6, 1928, $65—and second, two notes— one dated November 14, 1927, for $400 and the other December 28, 1927, for $250—each drawn to the order of J. Winderman and by him endorsed and delivered, before maturity, to plaintiff.

With respect to the notes belonging to the first class the action is between the original parties and, as we read the pleadings, the defense attempted to be set up against their payment is an alleged failure of consideration. The defendant averred in its affidavit of defense that it had purchased a quantity of furniture, consisting of various bedroom and breakfast-room suites, from the Philadelphia Table Company, for all of which it had paid, with the exception of one bedroom and one breakfast-room suite charged at $465, the aggregate of the notes in this class, and that the furniture company had assigned its claim against de-

fendant for these suites to the plaintiff. The affidavit continues: "Defendants were induced to execute the said notes referred to ...... solely upon the belief and understanding that a breakfast-room suite and bedroom suite in possession of the defendant would be replaced with merchandise of marketable and proper quality and despite the promise this has not been done.

"Defendants further aver that they have offered to return the breakfast-room suite and the bedroom suite aforesaid, which are of no value or use to the defendants in the condition in which they were received."

We agree with the court below that the affidavit is clearly insufficient as to such portion of the claim as is based upon the notes in the first class. Granting the contention of defendant that plaintiff took the assignment of the claim subject to any defense defendant had against the furniture company, we think defendant has failed to state a good defense against this portion of the claim. Neither the date nor the provisions of the original contract of sale from the furniture company to defendant are set forth; neither the time of delivery nor the alleged defects in the articles are specified; when or to whom the alleged offer to return the goods was made does not appear. No facts are stated from which a court could determine that defendant promptly and unequivocally exercised any right of rejection it may have had; no attempt is made to indicate by name or description the officer or representative of plaintiff with whom the alleged "understanding" for the replacement of the suites was had and by whom the alleged inducement was made. All these facts were within the knowledge of defendant and should have been properly pleaded. Although there are three notes, dated in three different months, only a single inducement is referred to and no effort is made to account for the giving of separate notes. The plaintiff was entitled to judgment for the portion of

its claim represented by the notes in the first class.

A different question arises with regard to the defense pleaded against the notes in the second class. It is averred in the affidavit of defense that each of these notes "was executed as an accommodation to J. Winderman;" that defendant received no consideration therefor; and that plaintiff had knowledge that the notes were accommodation notes. It could not be, and is not, suggested that these facts alone would constitute a defense against the plaintiff, a holder in due course of the notes: Putnam v. Ensign Oil Company, 272 Pa. 301. The material averment reads: "The defendants are further informed and believe and, therefore, aver that for value and consideration paid by the said J. Winderman to the plaintiff, the said promissory notes ....... were forever discharged and paid by the said J. Winderman."

The last paragraph of the affidavit contains an averment of defendant's expectation of ability to prove its contents. The defense, therefore, to these two notes is that they were made for accommodation and had been discharged by payment by the party accommodated to plaintiff as holder. Such defense, if sufficiently pleaded, would prevent a summary judgment: Negotiable Instruments Act of May 16, 1901, P. L. 194, sections 119 and 121. The learned writer of the opinion for the court below held that the defense had not been sufficiently pleaded, particularly as the defendant did not state "when they [the notes] were paid and what was the value and consideration which discharged them." Much might justly be said in criticism of this portion of the affidavit and in support of the conclusion that it is insufficient. If the defense had been payment by the defendant we would unhestitatingly affirm the judgment upon this branch of the case. But the defense is payment by the party ultimately liable—the party for whom defendant was, in effect, surety: Marsh v. Consolidation Bank, 48

Pa. 510. Where the payment is averred to have been made by some one other than the defendant, the rule requiring a detailed specification of the person to whom and by whom it was made and the time and manner of the payment should not be too strictly applied. The obvious distinction is that in one case all these details are known to the defendant and in the other they may neither be known nor obtainable. In fact, the pleadings on both sides of this case are lacking in accuracy and particularity. In plaintiff's specifications of the particulars wherein the affidavit was deemed insufficient it is averred that the claim is against defendant as "endorser" of the notes. The question of the alleged insufficiency of the averments relative to payment is not raised by the specifications. Neither party is in position to insist upon a strict application of the rules of pleading. As to the notes in the second class it is very doubtful whether defendant has sufficiently pleaded its defense. However, upon consideration of all the circumstances, we have concluded that the general rule—that in doubtful cases and especially in those requiring broad inquiry into the facts the issue should go to a jury (Leiby v. Lutz, 224 Pa. 377)—may properly be applied to this case. Under the Practice Act of May 14, 1915, P. L. 483, a rule for judgment for want of a sufficient affidavit of defense is to be disposed of "as justice may require," and judgment may be entered for a part of the claim and the rule discharged as to the remainder: Fulton Farmers' Association v. Bomberger, 262 Pa. 43. We think the interests of justice will probably be best served by affording the defendant an opportunity to prove its averments that two of the notes sued upon were made for accommodation and have been paid to plaintiff by the accommodated party.

We accordingly direct that the order appealed from be modified so as to provide that the rule be discharged

as to the items based upon the note of $400, dated November 14, 1927, and the note of $250, dated December 28, 1927, and plaintiff permitted to proceed to trial thereon. As so modified the order is affirmed and the record remitted with a procedendo.