Minster, Jr., Appellant, *v.* Blair, Inc.

Argued October 18, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Thomas C. Egan,* and with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Thomas F. Gain,* for appellee.

OPINION BY KELLER, J., November 14, 1928:

This is an appeal by the plaintiff from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense in an action of assumpsit.

The action was brought by one real estate broker against another for a share of rental commissions alleged to be due him.

The claim is based on an oral agreement, confirmed by letter, as follows: ...... "Therefore, as set forth in our recent conversation, we agree to give you one-half the commission, namely, three per cent of the monthly rental, as set forth in the lease, same to be paid to you monthly until termination of said lease, while we are custodians of same or rental agent for this building. In the event of the lease being assigned by us to the owners or their agents, we further agree to give you one-half of the commission derived by this office for the unexpired term of the lease."

Plaintiff admitted the receipt of one-half of all monthly commissions received by defendant while it was rental agent of the building, but sued for one-half the commissions which he alleged accrued to the defendant on its assignment of the lease to the owner in compliance with the latter's demand. The defendant denied liability to the plaintiff for such commissions, or any agreement to pay the same, until it had received them, averring that an action for their recovery had been brought against the owner and was still pending in the Court of Common Pleas No. 5 of Philadelphia County to No. 19, March Term, 1928.

After full consideration of the statement and affidavit of defense, in the light of the arguments of counsel for the parties, we agree with the court below that the right of the plaintiff to a summary judgment on the pleadings and without a trial has not been established. We do not reverse the court below in such cases unless it is clear and free from doubt that the court erred in refusing judgment. Following the practice of the Supreme Court (Wilson v. Bryn Mawr Trust Co., 225 Pa. 143; Brown v. Unger, 269 Pa. 471) and of this court, we shall not discuss the applicable rules of law until an opportunity is had to develop the facts at trial.