## J. B. Colt Company, Appellant, *v.* Stiney Dombrowesky.

Argued April 18, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William McElwee, Jr.*, and with him *E. M. Underwood*, for appellant.

*Clyde Gibson*, and with him *Orville Brown*, for appellee.

OPINION BY CUNNINGHAM, J., July 2, 1929:

The J. B. Colt Company, manufacturer of carbide lighting systems, appeals from an order of the court below discharging its rule for judgment for want of a sufficient affidavit of defense to its action of assumpsit against Stiney Dombrowesky to recover $363.25 as the contract price of a generator and equipment purchased by him. Appellant declared upon a contract in writing in the form of an order signed

by appellee and accepted by it (an alleged copy thereof being attached to the statement) and averred delivery through a common carrier. The defense pleaded was that there had been a fraudulent alteration of the order in that the purchase price of the plant had been changed from $110, the amount alleged to have been inserted by appellant's selling agent in the original order signed by appellee as the agreed upon consideration, to $363.25, as shown in the copy attached to the statement, and that the transaction had been repudiated upon discovery of such alteration. In effect, appellee averred that the contract sued upon was not his contract.

It is urged that the affidavit is fatally defective because, inter alia, it does not name the agent of appellant or indicate the scope of his authority. Ordinarily there would be force in such an objection, but here he is described as the agent who negotiated the contract and obtained appellee's written order. Several issues of fact are squarely raised by the affidavit. Appellate courts do not reverse in an appeal of this nature unless the issue under the pleadings is one of law and it is clear and free from doubt that the court erred in refusing to enter a summary judgment: Minster, Jr. v. Blair, Inc., 94 Pa. Superior Ct. 401; Leiby v. Lutz, 224 Pa. 377. Nor, under the practice established by our Supreme Court (Wilson v. Bryn Mawr Trust Company, 225 Pa. 143; Brown v. Unger, 269 Pa. 471) and by this court, do we discuss the applicable rules of law until an opportunity has been afforded to develop the facts at a trial. The court below fully vindicated its order in that portion of its opinion which reads: "Plaintiff [appellant] contends that it is entitled to judgment for at least $110, the amount which defendant contends was to be the purchase price for the generator and equipment. Defendant's denial of the contract sued upon is sufficient to prevent summary

judgment for the whole of plaintiff's claim and defendant's averments as to fraud, if proven, would vitiate the entire contract between the parties and leave the plaintiff with no right of recovery. The allegations are sufficient to prevent judgment in any amount."

The rule was properly discharged.

Order affirmed.