Wood, Appellant, *v.* U. S. Natl. B. & L. Assn.

Argued December 10, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Robert W. Archbald, Jr.*, and with him *Ralph C. Busser, Jr.*, and *Matthew L. Barrett, Jr.*, for appellant.

*Roy Martin Boyd*, for appellee.

OPINION BY KELLER, J., January 30, 1931:

Plaintiff appeals from the order of the municipal court refusing to enter judgment in her favor for want of a sufficient affidavit of defense in an action of assumpsit. The rule in such cases is that we do not reverse the court below unless it is clear and free from doubt that the court erred in refusing judgment. According to the practice of the Supreme Court (Wilson v. Bryn Mawr Trust Co., 225 Pa. 143; Brown v. Unger, 269 Pa. 471) and of this court, (Minster v. Blair, 94 Pa. Superior Ct. 401) we do not discuss the applicable rules of law, in such cases, until an opportunity is had to develop the facts at trial.

Plaintiff claims to recover the taxes for the year 1930 on premises 1830 Spruce Street, Philadelphia, assessed while defendant was the owner, which she was compelled to pay after she had become the purchaser thereof at a sheriff's sale upon a judgment obtained in proceedings to recover arrears of ground rent charged on said premises in her favor.

The defendant acknowledges liability for $549.45 of the amount so paid, but disputes the plaintiff's right to collect the balance, $449.55, because it is alleged that on July 18, 1930 the plaintiff sold said premises to one Hoffman, and that the said Hoffman paid her the sum of $449.55, expressly by way of reimbursement to her for said taxes so paid by her, as aforesaid.

As the plaintiff's claim is not statutory but rests on the equitable right of subrogation, we do not think her right to the $449.55 in dispute is so clear and free from doubt as to require us to reverse the court below

and enter summary judgment in her favor prior to a full and complete presentation of all the facts with respect to the nature and character of said alleged payment.

The order is affirmed.