Wood, Appellant, *v.* U. S. Natl. B. & L. Assn.

Argued December 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD.

*Ralph C. Busser, Jr.*, and with him *Robert W. Archbald, Jr.*, for appellant.

*Roy Martin Boyd*, for appellee.

OPINION BY CUNNINGHAM, J., May 4, 1932:

Plaintiff brought suit in the municipal court of the County of Philadelphia to recover over from defendant taxes in the sum of $999, assessed against the property at No. 1830 Spruce Street for the year 1930, which she had been compelled to pay although defendant was primarily liable as the registered owner.

Defendant, in its amended affidavit of defense, admitted liability to the extent of $549.45 (subsequently paid plaintiff) but defended, upon the facts hereinafter stated, against the balance of $449.55. Plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense as to the amount thus in dispute; after argument, it was discharged and she appealed to this court. We held (100 Pa. Superior Ct. 235) that her right to recover was not sufficiently clear and free from doubt to justify the entering of a summary judgment in her favor prior to a full and complete presentation of all the facts; the action of the court below was accordingly affirmed. The subsequent trial, before a judge sitting without a jury, resulted in a judgment in favor of the defendant and we now have this second appeal by the plaintiff.

The controversy arose out of these undisputed facts

appearing from the pleadings and evidence: The defendant building and loan association was the registered owner of the premises on January 1, 1930, and as such became liable to the city on that date for the payment of taxes aggregating $999 but never paid any part thereof to the municipality. Through proceedings instituted by plaintiff for the collection of a ground rent she became the owner of the property on April 14, 1930, upon her bid of $50 at the sheriff's sale. The amount realized was not sufficient to pay the costs of the sale and the taxes remained unpaid. On June 12th plaintiff paid the total amount of the taxes to the city. On June 18th she and her husband entered into an agreement in writing for the sale of the premises to Jacob Hoffman for the sum of $37,500. One of the provisions of the agreement read: "Taxes . . . . . to be apportioned for the current term." Settlement was made on July 18th and Hoffman paid plaintiff, in addition to the $37,500 consideration, the sum of $449.55 as representing the taxes for the unexpired portion of the year.

The primary liability of defendant to the city for the full amount of the taxes was conceded and it was not questioned that plaintiff had been subrogated to the rights of the city in so far as defendant's personal liability was concerned. The theory of defendant, successfully maintained in the court below, was that plaintiff could recover from it only the difference between the full amount of the taxes for the year in question and the amount she had received from Hoffman as one of the incidents of the sale of the premises to him. Defendant conceded that plaintiff had been obliged to pay the city $999 but contended that as she had received from Hoffman $449.55, by reason of his agreement with her to apportion the taxes, it was liable to her only for the balance of $549.45 as representing the taxes from the first of the year to the date of settlement.

Upon consideration of the question, a majority of the members of this court are of opinion that defendant is liable to plaintiff for the full amount of the 1930 taxes as paid by her. It is an established rule that one who is obliged to pay taxes for which another is primarily liable is subrogated to the rights of the city against the one so liable and may recover in an action of assumpsit: Theobald v. Sylvester, 27 Pa. Superior Ct. 362; O'Donnell v. Neely, 66 Pa. Superior Ct. 351; Hogg v. Longstreth, 97 Pa. 255. Nor is it a defense pro tanto that the one primarily liable was not in possession for the entire year since the obligation is that of the registered owner at the date of assessment: Theobald v. Sylvester, supra, at page 365. Defendant, conceding these propositions, argues that it should not now be compelled to reimburse plaintiff for such portion of the taxes as she received out of the settlement with her grantee. It is asserted that it is unfair and inequitable to allow such a recovery because plaintiff would, in effect, be reimbursed twice for this portion. In support of its proposition defendant relies upon the general doctrine that one who pays taxes due by another is entitled to subrogation only to the extent of the actual payment: 37 Cyc. 381, 25 R. C. L. 1389. This principle is not applicable since it is admitted that, whatever may have happened later, plaintiff on June 12, 1930, actually paid the taxes in full. Defendant admits that it was then liable to the plaintiff for the whole $999. This case, therefore, comes down to the inquiry whether, when one has paid taxes for which another is liable, the latter may defend on the ground that a third party has in turn, incidentally, reimbursed the former for a part. We think the answer should be in the negative.

It only obscures the real issue to argue that it is inequitable to permit plaintiff to make a profit on the taxes. If her right is by way of subrogation to the city's claim, and if subrogation in turn is based upon

equitable principles, defendant can defeat recovery only by showing that its equities are superior to those of the plaintiff. This defendant cannot do; there are no equities in its favor. No matter what plaintiff may have done in the way of selling the premises, upon advantageous terms, defendant failed to pay the taxes for which it was liable on January 1, 1930, and has done absolutely nothing to relieve itself of that liability. Plaintiff's right of action, acquired June 12th, was for the total amount of the taxes paid by her. Is that right to be cut down because of something done, not by the defendant, but by a stranger? We think not. Such result would be tantamount to a gift to the defendant of the taxes paid by the stranger—a result hardly within the contemplation of any of the parties involved. Defendant was not a party to the sale of the premises or settlement therefor and should not be permitted to take advantage of it. It is unnecessary to consider, at this time, whether the portion of the taxes paid by Hoffman was a part of the consideration for the property or something distinct therefrom, since the settlement established no equities in defendant's favor. It is not its concern what profit the plaintiff may have made out of the property upon which it defaulted in the payment of taxes due from it. Any other doctrine would be highly dangerous in its implications and would invite specious defenses based upon alleged profits and enhanced property values. A defaulting defendant is in no position to invoke equitable relief, and it cannot escape the fact that on June 12th it became liable to plaintiff for the whole amount of the taxes and that nothing has since occurred between the parties to this action to reduce that liability.

The conclusion we have reached is in harmony with the principle announced in Mechanics Trust Co. v. Fidelity and Casualty Co., 304 Pa. 526. That case involved the liability of a surety on a bond for the completion of buildings. The obligee finished the build-

ings and sold the properties. In disposing of the surety's contention that, in determining the extent of its liability, credit should be given for profits made out of the sales, our Supreme Court said: "Obviously, appellant is not entitled to share in the profit realized on the dwellings following their completion by appellee. Whatever occurred after appellee became owner and had paid [the cost of completion] to obtain what it was entitled to under the bond, is of no moment to defendant. Defendant can claim no credit for the business acumen of plaintiff."

Appellant's second assignment, alleging error in entering judgment on findings for defendant, must be sustained.

The judgment for defendant is reversed and judgment is here entered in favor of plaintiff for $449.55, with interest from June 12, 1930.