## WHITE v. FIRST NAT. BANK OF EMPORIUM, PA.

### No. 4034.

District Court, M. D. Pennsylvania.

Jan. 15, 1938.

Rydesky & Gresimer, of Emporium, Pa., for petitioner.

T. G. Gregory, of Saint Marys, Pa., for defendant.

JOHNSON, District Judge.

This is an action by the trustee of a mortgage to recover the amount of taxes assessed upon the mortgaged premises during the period of ownership of the property by the First National Bank of Emporium, and paid out of the proceeds of a foreclosure sale.

The property in question was subject to a mortgage in the amount of $110,000. The property was purchased by the First National Bank of Emporium at a treasurer's sale on October 12, 1931, and the deed therefor was delivered and recorded on December 22, 1931. On August 6, 1934, the property was put up for sale by the Treasurer of Cameron County for payment of taxes. It appears that no bid for the property was made and the property was bid in by the Commissioners of Cameron County, and a deed therefor was delivered on January 21, 1935. During the years 1932, 1933, 1934, 1935 and 1936, taxes in the amount of $4,474.51 were assessed and levied against the property, but were not paid. Subsequently, on October 16, 1936, the property was sold at foreclosure sale to John E. Rydesky for the sum of $17,000. It appears that all the taxes were paid out of the proceeds of the foreclosure sale, thus reducing the sum which otherwise would have gone towards payment of the mortgage debt.

The trustee of the mortgage, by this action, is seeking to collect the amount of the taxes from The First National Bank of Emporium, now in receivership, the alleged owner of the property during the period when the taxes in question were assessed. The defendant has filed an affidavit of defense raising questions of law.

The first question raised is whether a cause of action exists. The defendant contends that there is no personal liability on the part of the owner of property to pay taxes; that the tax collecting authorities can look only to the property for payment of taxes and therefor there is no right against the owner to which the plaintiff can be subrogated. The defendant further contends that all the authorities allowing a recovery are Philadelphia cases decided under a statute applicable only to Philadelphia.

The decided cases, although, most of them arose in Philadelphia, as the defendant points out, hold that the owner of property is personally liable for taxes, and that a mortgagee may maintain an action against the grantee of the mortgagor for the amount of taxes upon the land during the grantee's ownership, and paid out of the proceeds of a sheriff's sale under foreclosure proceedings, when the effect of such distribution of the fund is to reduce the sum which otherwise would be distributable to the mortgagee. Theobald v. Sylvester, 27 Pa.Super. 362; Hogg v. Longstreth, 97

Pa. 255; King v. Mt. Vernon Bldg. Ass'n, 106 Pa. 165; Republic Bldg. & Loan Ass'n v. Webb, 12 Pa.Super. 545; Fleisher v. Blackburn, 15 Pa.Super. 289; Rawle v. Renshaw, 15 Pa.Super. 488; Fidelity Ins. Trust & Safe Deposit Co. v. Phoenix Bldg. & Loan Ass'n, 17 Pa.Super. 270; Landreth v. McCaffrey, 17 Pa.Super. 272, 276; Wood v. U. S. Nat. Bldg. & Loan Ass'n, 105 Pa. Super. 184, 160 A. 244; Pennsylvania Co. v. Bergson, 307 Pa. 44, 159 A. 32; DeHaven v. Roscon Building & Loan Ass'n, 107 Pa.Super. 459, 164 A. 69; Metropolitan Life Ins. Co. v. Commercial Nat. Bank, 115 Pa. Super. 224, 175 A. 295.

The rule does not appear to be applicable only to Philadelphia. In Pennsylvania Co. v. Bergson, supra, the Supreme Court of Pennsylvania said, at page 49, 159 A. at page 33: "Many of our cases speak of personal liability for taxes without referring to any statute. It is clear from the principles in these cases and the legislative declarations that the owner of land is and should be personally liable for taxes assessed while he is the owner of the property." The cases of Caldwell v. Moore, 11 Pa. 58; Com. v. Mahon, 12 Pa.Super. 616; Patterson v. Blackmore, 9 Watts, Pa., 104; Densmore v. Haggerty, 59 Pa. 189; and Biddle v. Noble, 68 Pa. 279, not arising in Philadelphia, were cited by the Supreme Court in support of the aforesaid rule and also in support of the rule that where one who has been compelled to pay taxes for which another is personally and legally liable the law implies an assumpsit on the part of the latter to the former. See also: Pittsburgh v. O'Reilly, 7 Pa.Dist.R. 758; Becker et ux. v. Roth, 27 Pa.Dist. & Co. R. 580.

In Com. v. Mahon, supra, the owner of seated lands in Franklin county failed to pay taxes assessed and levied upon such lands during his ownership. The sureties of the tax collector were compelled to pay the taxes and the Superior Court held that they could recover the amount of taxes from the owner by an action at law. The court there said:

"In such a case the action cannot be sustained, in the absence of a contract between the parties, unless the owner was legally and personally responsible for payment of the taxes: Neill v. Lacy, 110 Pa. 294 [1 A. 325] * * * and it has been held under the various systems which have prevailed at different times, that the owner of seated lands is personally liable. * * * The

foundation of the present general system of assessment and collection of taxes on seated lands is the Act of April 15, 1834, P.L. 509, which made it unlawful for collectors to bring suit for the recovery of any tax. There was no necessity for bringing any suit at law, for the act made the owner personally liable for the tax and provided a remedy for the enforcement of that liability. * * *

"The party compelled to pay is subrogated to the right of the county or municipality to receive the tax, but it is manifest that the remedies, to enforce personal liability for taxes, possessed by public authorities might be unsuitable and inappropriate to be used by an individual. The use of a tax warrant by a private person would not be convenient for him, and might involve hardship and oppression for the debtor; besides when the collector has once collected the taxes under his warrant, neither the public authorities nor a private individual have any right to require him to collect a second time. In Caldwell v. Moore [supra], the remedy of the county and township was limited to the tax warrant, yet it was held that Caldwell could, in a common-law action, recover from the owner, who was ultimately liable. The question turns upon the personal liability of the owner, not upon the form of remedy to be used by the taxing authorities to enforce that liability.

"When A. has been compelled to pay taxes, not his own, for which B. is personally and legally liable, the law implies an assumpsit on the part of the latter to the former. A. can recover upon this implied promise, in an action at law, in his own name; although the county or municipality, in enforcing the personal liability of B. for the tax, might have been confined to some other remedy."

In Theobald v. Sylvester, supra, the Superior Court said at page 365: "We cannot assume, under the record here presented, the existence of any local custom in Philadelphia which would take this case out of the operation of the general laws of the commonwealth."

■ From the above authorities, the court holds that the owner of property at the time taxes are assessed, is personally liable therefor, and that the plaintiff, who was compelled to pay the taxes, has a right of action to recover therefor against the owner. This same conclusion was reached by Davison, P. J. in Chambersburg Trust Co. v. Happle (C. P. of Franklin County, 65 Dec.Term, 1936, decided July 24, 1937 and not yet reported).

The next question is during what period The First National Bank of Emporium was owner of the property. The bank would be personally liable only for those taxes assessed during its period of ownership of the property.

The bank first purchased the property at a treasurer's sale for taxes on October 12, 1931, and the deed therefor was delivered on December 22, 1931. Due to the failure of the bank to pay taxes accruing after it took title, the property was again put up for sale by the county treasurer and was purchased by the county commissioners on August 6, 1934; the deed to the county commissioners being delivered and recorded on January 21, 1935. It thus appears that the record title was in the bank from December 22, 1931, to January 21, 1935.

The defendant contends first that it was not the owner of the property for the two years following the treasurer's sale in 1931 because it had merely an inchoate title and the property was subject to redemption by the original owner during that period of two years.

Counsel have not cited any authorities deciding who is the owner liable for taxes accruing on property after a treasurer's sale. The Act of May 29, 1931, P.L. 280, as amended, 72 P.St.Pa. §§ 5971a to 5971v relating to the sale of seated lands governs the rights of the parties. There appears to be no cases under this act, deciding the question.

Section 14 of the Act of 1931, as amended, 72 P.S.Pa. § 5971n, provides: "When the purchaser has paid the amount of his bid, or such portion thereof as he is required to pay under this act * * * *it shall be the duty of the county treasurer to make the said purchaser* * * *a deed in fee simple for. the lands sold as aforesaid.* * * *"

Section 9, 72 P.S.Pa. § 5971i, provides: "* * * any real estate sold under this act may be redeemed by the owner * * * at any time within two years after such sale, by the payment to the county treasurer of the full amount which the purchaser paid to said treasurer for taxes, interest, and costs, and twenty-five per centum of the amount of tax in addition thereto.

*In case the purchaser has paid any taxes of any kind whatsoever, assessed and levied against said property, the same shall be reimbursed to said purchaser before any redemption shall take effect. * * *"*

Section 12, 72 P.S.Pa. § 5971*l*, provides: "* * * and such sale, after the period of redemption shall be terminated, shall be deemed to pass a good and valid title to the purchaser *as against the person or persons in whose name such property was sold * * *."* (Italics supplied.)

The purchaser at a treasurer's sale acquires a deed in fee simple. He becomes the record owner and has an absolute title to the property for all purposes as against all the world. All that the former owner has is a right of redemption which he may choose to exercise within two years. Within this two year period the purchaser's title is defeasible only as to the former owner. The purchaser's title is complete for all other purposes. The Act recognizes that the purchaser is the owner for tax purposes and liable for taxes accruing after the treasurer's sale. It provides that in the case of redemption, the former owner must reimburse the purchaser for all taxes paid by him; otherwise the former owner cannot redeem. The practice of the taxing authorities is to assess the purchasers at treasurer sales with all taxes accruing after the sale, thus supporting the conclusion that the purchaser is the owner for tax purposes.

Since the former owner never exercised its right of redemption from the bank, the complete title of the bank was never affected and it was liable for taxes assessed against it from the time it took title to the property to the time it lost its title. It was the owner for taxation purposes from the time the treasurer's deed to it was acknowledged in 1931 to the time the deed to the County Commissioners was acknowledged in 1935, Pennsylvania Co. v. Pannonia Building Ass'n, 29 Pa.Dist. & Co. R. 194, and it is liable for taxes assessed while it was the owner, even though it lost title during the tax year, since taxes cannot be apportioned. Shaw v. Quinn, 12 Serg. & R., Pa., 299.

It does not appear from the pleadings when the various taxes were assessed, and the court at this time cannot determine the taxes for which the defendant is liable. Upon amendment to the statement of claim showing those facts, an order will be entered.

Plaintiff is granted leave to file an amended statement of claim within 15 days from the date hereof.