## WHITE v. FIRST NAT. BANK OF EMPORIUM, PA.

### No. 4034.

District Court, M. D. Pennsylvania.

Aug. 17, 1938.

Rydesky & Gresimer, of Emporium, Pa., for plaintiff.

T. G. Gregory, of St. Marys, Pa., for defendant.

JOHNSON, District Judge.

This is an action by the trustee of a mortgage to recover the amount of taxes

294

assessed upon the mortgaged premises during the period of ownership of the property by the First National Bank of Emporium, and paid out of the proceeds of the foreclosure sale.

The defendant filed an affidavit of defense raising questions of law and, after argument, the court filed an opinion, D. C., 24 F.Supp. 290, deciding the legal questions raised in favor of the plaintiff and holding that as a matter of law the plaintiff was entitled to judgment for the amount of the taxes in question. This opinion provided, inter alia:

"It does not appear from the pleadings when the various taxes were assessed, and the court at this time cannot determine the taxes for which the defendant is liable. Upon amendment to the statement of claim showing those facts, an order will be entered.

"Plaintiff is granted leave to file an amended statement of claim within 15 days from the date hereof."

Within fifteen days plaintiff filed an amended statement of claim which set out the taxes for which defendant is liable. No affidavit of defense was filed by defendant, and on March 17, 1938, the Clerk at the direction of the plaintiff entered judgment for want of an affidavit of defense. On April 16, 1938, a rule was granted on plaintiff to show cause why the judgment should not be stricken from the record. This rule is now before the court.

Defendant contends that the judgment was improperly entered because the affidavit of defense raising questions of law was not finally disposed of by the opinion of January 15th, and cites the above paragraphs of the opinion in support of this contention.

The only question not finally disposed of by the opinion of January 15th was the amount of taxes for which defendant is liable. These facts were supplied by the amended statement, and since defendant failed to file an affidavit of defense to the amended statement within fifteen days of the service thereof, it was proper under Section 17 of the Pennsylvania Practice Act, 12 P.S.Pa. § 735, for the Clerk to enter judgment at the direction of the plaintiff. Therefore, the motion to strike off the judgment must be dismissed.

It is ordered that the petition to strike off the judgment be and hereby is dismissed and the rule granted thereon discharged.