part of his body was between these telephone wires and the next higher set of wires carrying a charge of some 4600 volts. Plaintiff's witnesses testified that immediately after Bollinger took this position, he seized the telephone wires, received a shock, hesitated momentarily, then reared back against the next higher set of wires and finally slumped forward over the boom. His body was removed and his death was diagnosed as being due to a shock occasioned by the passage of an electrical current through his body. The jury returned a verdict for defendant and, following a dismissal of plaintiff's motion for a new trial, she appealed from the judgment entered thereon.

Plaintiff has set forth several assignments of error in the learned trial judge's charge to the jury which she insists were prejudicial to her case. We have carefully considered these allegations and conclude they are without merit. When the charge is read as a whole, as it must be, we find it fully presents the issues of fact to the jury and correctly and adequately states the law applicable thereto: *Robinson v. P.T.C.*, 347 Pa. 288, 32 A. 2d 26; *Masinko v. McLeary*, 337 Pa. 355, 11 A. 2d 648. The court below, therefore, properly refused plaintiff's motions for a new trial.

Judgment affirmed.

Keefer, Appellant *v.* McGinnis et ux.

Submitted October 3, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Louis V. Barach,* for appellant.

*James H. Gray, Joseph F. Weis* and *Alexander P. Lindsey,* for appellees.

OPINION PER CURIAM, November 13, 1950:
Order affirmed on the opinion of the learned court below.

Davis Estate.

