## Clarenbach v. Giordano

*Stephen P. Ulan*, for plaintiff.
*Evan Barsky*, for defendant.

GUARINO, *J.*, January 6, 1978—This is plaintiff's petition for injunctive relief in the nature of specific performance.

On December 13, 1977, plaintiff filed the present pleading. A hearing was held on December 21, 1977. Both sides presented evidence. From that evidence, I made the following findings of fact:

Defendant is owner of premises located at 822 Washington Avenue, Philadelphia. Prior to October, 1973, the premises had been subject to an oral lease to one Charles Peters. In the first week of October, 1973, defendant leased the premises to Tyrone Peters. Originally the rent was $70 a month, but was gradually increased until it reached $100 per month. Apparently sometime after the date of the original lease, Mr. Peters acquired a companion in the person of the present plaintiff, who cohabited with him. On June 22, 1977, Mr. Tyrone Peters abandoned both the leased premises and plaintiff. Plaintiff continued to reside on the premises until December 10, 1977, when defendant changed the locks to the premises.

Defendant first became aware that plaintiff had been residing with Mr. Peters on the demised premises in April of 1977, when she complained about a heater malfunction. In October, 1977, a check tendered in payment of rent was returned by the bank marked insufficient funds. When defendant went to the premises to inquire about the check, he discovered that Mr. Peters had abandoned the premises and that plaintiff alone was occupying the premises. He advised her that she would have to

leave. Mrs. Clarenbach responded that she would not budge until removed by a court order. When Mr. Giordano had her gas supply discontinued, plaintiff moved in with a friend. On December 10, 1977, having learned that she had taken residence with a neighbor at 1111 S. Darien Street, Mr. Giordano changed the locks. Plaintiff's request is that the court order defendant to deliver possession of 822 Washington Avenue to her.

Plaintiff contends that she should be returned to premises 822 Washington Avenue and that defendant could not regain repossession of the premises except as provided for by The Landlord and Tenant Act of April 6, 1951, P.L. 69, 68 P.S. §250.101 et seq. Indeed, The Landlord and Tenant Act establishes an orderly procedure when the landlord is dispossessing a tenant: Warren v. Philadelphia, 382 Pa. 380, 115 A. 2d 218 (1955). See 68 P.S. 250.101 et seq. The problem with plaintiff's argument is, however, that she was not a tenant. A tenant is one who occupies the premises of another in subordination to the other's title and with his assent: Lasher v. Redevelopment Authority of Allegheny Co., 211 Pa. Superior Ct. 408, 236 A. 2d 831 (1967). Not being a tenant, she was not entitled to the protection of the Landlord and Tenant Act.

The clear import of the credible evidence is that defendant leased the premises in 1973 to one Tyrone Peters and that there were no negotiations or lease with plaintiff. While it is true that plaintiff, as Mr. Peters' cohabitee, lived with him on the demised premises for a period of three years, when Mr. Peters abandoned the lease, she did not automatically become defendant's tenant. Nor does the fact that defendant knew at least as of April

1977, that she lived with the lessee on the demised premises give her that status. Cohabitation in the leased premises with the acquiescence of the lessee does not establish a tenancy relation with the landlord. Nor is tenancy established because on a few occasions she personally delivered the rent due to the landlord's brother. In the absence of an identifiable act manifesting to the landlord that she was making these payments on her own behalf and not on behalf of Mr. Peters, to whom the premises had been leased and who owed the monthly rentals, there could be no implied contract of tenancy. Where the tenancy is not within the mutual contemplation of the parties, the law will not construct one. See McCullough v. McCall, 10 Watts 367 (1840); Cuyler's Estate, 86 Pa. Superior Ct. 502 (1925). In this case, when defendant learned that his lessee had abandoned the premises, he told plaintiff that she would have to leave, a clear indication that she did not have his permission to occupy the premises.

The facts clearly establish that Mr. Peters was the lessee of the premises in question and that he abandoned same on June 22, 1977. An abandonment of a leased premises by a tenant is a relinquishment which, as a matter of law, justifies immediate repossession by the landlord: Girard Trust Co. v. Tremblay Motor Co., 291 Pa. 507, 140 Atl. 506 (1928). A landlord has a common law right to re-enter the abandoned premises without the aid of legal process: Clark v. Everly, 8 W. & S. 226 (1844); Aye v. Philadelphia Co., 193 Pa. 451, 44 Atl. 555 (1899); Lacy v. East Broad Top Railroad & Coal Co., 168 Pa. Superior Ct. 351, 77 A. 2d 706, 710 (1951); Turnway Corp. v. Soffer, 461 Pa. 447, 336 A. 2d 871 (1975); Hershey v. Pittsburgh & W. Va. Ry. Co., 366

Pa. 158, 76 A. 2d 379 (1950). As Mr. Peters' girlfriend, plaintiff occupied the premises at Mr. Peters' will; she did not because of that relationship become a co-tenant or acquire any leasehold interest in the premises as against the landlord. When Mr. Peters abandoned the premises, she was at best only a tenant at sufferance and at worst a trespasser. A landlord has the common law right to dispossess by peaceful means a tenant at sufferance, a right which is not in any way impaired by the comprehensive Landlord and Tenant Act of 1951, 68 P.S. §250.501 et seq. See 21 P.L.E. Landlord & Tenant §391; Overdeer v. Lewis, 1 W. & S. 90 (1841). Against a trespasser in possession, the landlord has a right to the remedy of self help and is not required to revert to any legal process, especially when he obtains possession peaceably. There being no landlord-tenant relationship between defendant and plaintiff, plaintiff has no standing to require defendant to conform with the Landlord and Tenant Act of 1951, and no right to the extraordinary equitable relief of specific performance.*

In passing, we also note that plaintiff has made no tender to pay either past due rentals or the current rent. She has not only failed to pay rent but refuses to do so. Indeed, the facts show that she does not need the premises, cannot afford them,

---

*In the broader sense than presented by this case, see 13 U. Pitt. L. Rev. 411 (1952). "The landlord has three basic methods by which he, or those who stand in his shoes, may recover possession of the demised premises. First, he may avail himself of the remedy expressly granted to him by Article V of the Act of 1951, to wit, by obtaining a writ of possession from a justice of the peace of the county wherein the land is situated. Secondly, he may use the statutory right of ejectment and, finally, he may use self-help."

and is at present adequately lodged. Her expressed objective and motive in this action is to have this court re-instate her on defendant's property so that defendant may correct the procedure that she claims to be illegal.

One who seeks equity must do equity: equity will not come to the aid of one who refuses to do equity. See Wood v. U.S. Natl. B. & L. Assn., 105 Pa. Superior Ct. 184, 160 Atl. 244 (1932). See Comstock v. Thompson, 286 Pa. 457, 133 Atl. 638 (1926), where plaintiff offered to make restitution only "when accounting is had," and Keefer v. McGinnis, 365 Pa. 601, 76 A. 2d 410 (1950), where plaintiff failed to offer reimbursement to defendant for expenses.

In summary, we find that plaintiff was not a tenant holding premises in subordination to defendant's title and with his expressed or implied consent, and that she was properly ejected from defendant's premises. Her complaint and motion for special injunction to obtain possession of premises 822 Washington Avenue is dismissed.

