Smith, Appellant, *v.* Brockway Motor Truck Corporation.

Argued December 1, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*James Yearsley,* for appellant.

*Henry L. Shepard.* and *H. Eugene Heine,* for appellee, were not heard.

PER CURIAM, January 5, 1931:

Plaintiff sued to recover $10,000, the amount paid on account of five motor trucks bought from defendant under conditional sales contracts, less a fair allowance for the use of the trucks while in plaintiff's possession. In his statement of claim, plaintiff averred that he was in possession of the trucks pursuant to conditional sales contracts duly recorded in Philadelphia County, and that after having paid defendant a total sum of $16,002, defendant terminated the contracts by demanding possession of the trucks which plaintiff thereupon surrendered and was consequently entitled to recover $16,002, the sum paid on account, less $6,002, which plaintiff averred was the value of the use of the trucks to plaintiff during the time he had possession of the property.

Defendant's affidavit of defense and an amended affidavit of defense alleged plaintiff had defaulted in the payment of installments on the trucks, and, without knowledge or consent of defendant and in violation of the terms of the contract, had fraudulently removed the trucks from the City of Philadelphia to Lehigh County and there abandoned them, whereupon defendant took possession and proceeded to advertise and sell plaintiff's interest in the property, in accordance with the terms of the Conditional Sales Act of May 12, 1925, P. L. 603, section 19, and had bought the machines for the sum of $1,000, there being no other bidders at the sale. It is

further averred that the proceeds of the sale were not sufficient to pay the expenses incurred and that as a result there was no fund remaining to which plaintiff would be entitled. Defendant, by counterclaim setting forth the same facts, sought to recover the deficiency, measured by the balance due under the contracts, plus expenses in retaking and selling the property, less the amount bid at the sale, a total balance of $9,427.31.

Plaintiff followed by a rule for judgment for want of a sufficient affidavit of defense and also filed an affidavit of defense raising questions of law as to the sufficiency of the counterclaim. The court below, on June 20, 1930, discharged the rule for judgment for want of sufficient affidavit of defense, overruled the affidavit of defense to the counterclaim raising questions of law, and ordered plaintiff to file a reply to the counterclaim on the merits. Plaintiff failed to make such reply, but on July 3d, took a rule on defendant to show cause why it should not file a more specific counterclaim which rule was discharged July 7th, and on July 10th, this appeal followed. Five days later a reply to defendant's counterclaim was filed by plaintiff in accordance with permission given by the order of June 20th.

In the affidavit of defense and counterclaim defendant undertakes to specify in considerable detail the various steps taken by it to repossess and dispose of the trucks which it is averred was done in accordance with the express provisions of section 19 of the Conditional Sales Act of 1925. The court below, in its opinion, states that the affidavit of defense was sufficient to raise a question for the jury, and that the procedure followed by defendant, as averred in the counterclaim, was in substantial compliance with the Conditional Sales Act and that the counterclaim substantially sets forth a good cause of action, although possibly objectionable as to form in some particulars.

The rule we have continually followed in appeals of this character is that the judgment of the court be-

low will not be reversed unless its action is based on plain error of law and the right of the plaintiff is clear, assuming the facts set forth by defendant to be true. The numerous rules taken by plaintiff would seem to indicate a lack of confidence in the merits of his case. At least they have served to confuse rather than clarify the issues. We cannot say that it clearly appeared that the action of the court below is based on an error of law, and, in accordance with our usual practice, we will not discuss the rules of law applicable to the questions raised until an opportunity is had to fully develop the facts at the trial: Griffith v. Sitgreaves, 81* Pa. 378, 382; Wilson v. Bryn Mawr Trust Co., 225 Pa. 143, 146; Phila. v. Merchant & Evans Co., 289 Pa. 578, 579; Sipp v. Phila. Life Ins. Co., 293 Pa. 292, 295; Kaster v. Pennsylvania Fuel Supply Co., 300 Pa. 52, 53.

The appeal is dismissed and record remitted for further proceedings.