## Smith, Appellant, *v.* Brockway Motor Truck Corporation.

Argued November 30, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James Yearsley,* for appellant.—A nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion, in accordance with the relevant principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved: Virgilio v. Walker, 254 Pa. 241.

By introducing through cross-examination affirmative evidence for the defense, the defendant forfeited any right to move for a nonsuit as a demurrer to the evidence: Hughes v. Coal Co., 104 Pa. 207; Catanzaro v. R. R., 230 Pa. 305.

The nonsuit being error, the verdict involving the same conflicting evidence on the same issue cannot stand: Edwards v. Darby, 12 Wheaton 207.

*H. Eugene Heine,* with him *Henry L. Shepard,* for appellee.—When a plaintiff sues in assumpsit on a specific theory, and at trial produces no evidence in support of that theory, and no more than a scintilla of evidence in support of any other theory, a nonsuit is justified: Leh v. R. R., 30 Pa. Superior Ct. 396.

A new trial ought not be granted on the ground that the nonsuit might have prejudiced the jury against plaintiff in his defense.

OPINION BY MR. JUSTICE MAXEY, January 3, 1933:

When this case was here before (see 302 Pa. 217, 153 A. 333) plaintiff's appeal was from a refusal of judgment for want of sufficient affidavit of defense and from an order refusing to strike off defendant's counterclaim. The appeal failed, because plaintiff's right to judgment was not clear. We held that the facts should be fully developed at the trial.

The statement of claim sets forth that on October 18, 1929, plaintiff was in possession of five motor trucks bought of defendant under conditional sale contracts

duly filed in Philadelphia County, upon which plaintiff had paid defendant, to the date mentioned, $16,002, or 71% of the whole amount due, and over $500 on each truck; that on October 18th plaintiff had the trucks at Allentown, having taken them from Philadelphia County with defendant's special consent; and that on that day defendant by its agent, one G. M. McWhorter, demanded possession of the trucks "which plaintiff then and there surrendered possession of to the defendant." Then follows the bare allegation that thereby defendant terminated the five contracts, whereupon plaintiff became entitled to recover from defendant, "according to equitable principles, a reasonable proportion of the $16,002 paid to defendant, as money had and received by defendant to the use of plaintiff." Plaintiff estimated this "reasonable proportion" by allowing $6,002 for the use value and claiming $10,000.

The affidavit of defense sets forth various matters in great detail, including a copy of one of the conditional sales contracts, all five of which were substantially identical. It is averred that on October 15, 1929, plaintiff was in default in payments on the contracts, having paid but $13,203.10 up to October 18th, or 54% of the total price, and leaving due the sum of $10,209.64. Then follow allegations that the trucks were removed by plaintiff from Philadelphia County with fraudulent intent, without giving notice of removal to defendant and without the latter's consent. It is specifically denied that there was any surrender of possession of the trucks by plaintiff to defendant on October 18, 1929; the averment is, on the contrary, that on or about that date plaintiff refused, upon demand, to redeliver possession to defendant; that defendant thereupon sent its agents out to locate the trucks, who finally discovered them on October 31st partially dismantled and abandoned in a vacant field near a public highway. Defendant then took possession, put the vehicles on the road again, and carried them to Allentown, where they were stored. Defendant

denies that these acts on its part constituted a termination of the five conditional sales contracts. Then follow paragraphs alleging compliance in every particular with the Uniform Conditional Sales Act of 1925; retention of the trucks within the State for a period of ten days after the taking; public auction sale, after due notice given plaintiff by registered mail, which he received, and after proper statutory notice of the sale by publication; which sale an agent of plaintiff attended but did not bid, whereupon the trucks were sold to defendant at its bid of $200 apiece. It is then alleged that the necessary expenses of the retaking amounted to $217.67; whereupon plaintiff's claim is categorically denied, and it is alleged that "plaintiff is indebted to the defendant corporation in an amount more fully set out in the counterclaim hereinafter to follow."

At the conclusion of plaintiff's evidence on his affirmative claim to recover, on motion of defendant the plaintiff suffered a nonsuit. The trial then proceeded on the question of the counterclaim, defendant assuming the role of counter-plaintiff. The jury brought in a verdict for defendant on the counterclaim for the full amount demanded, $10,680. However, the only pleadings and evidence printed in the record relate to plaintiff's affirmative claim to recover, the branch of the case on which he was nonsuited. The trial judge, as requested by plaintiff and over defendant's objection, limited the record to this extent, being of the opinion that "if the entry of the nonsuit is sustained the verdict rendered for the defendant on its counterclaim must stand. If, on the other hand, the entry of the nonsuit is reversed, a retrial must be had of the whole case." With this we agree. The conflicting claims are so related that if one is sustained the other must fall. The question now before us therefore is: Was the entry of the nonsuit proper?

No mention is made of the Uniform Conditional Sales Act of 1925, P. L. 603, in the statement of claim. In this statement are the allegations of surrender of possession

to defendant on October 18, 1929; that thereby defendant terminated the contracts; and that plaintiff consequently became entitled to recovery on equitable principles. There is no question but that contracts of conditional sale form the basis of the controversy. It follows that plaintiff, to sustain his claim, had to bring it within the requirements of the Uniform Act. That he tried to do so is conceded by his reliance, in argument, upon the doctrine of aider—that defendant's pleading the act supplies plaintiff's omission of it in the statement of claim. Even assuming that the pleading of the act was not essential to make out a case provided the facts pleaded brought it within the statute relied on (see Goldberg v. Friedrich, 279 Pa. 572, 124 A. 186), it is a fundamental rule that a pleading though sufficient technically to support a claim must, if its averments are challenged, be sustained by adequate proof.

In the inadequacy of his proof lies plaintiff's weakness. Section 25 of the Uniform Conditional Sales Act provides that "If the seller fails to comply with the provisions of sections eighteen, nineteen, twenty, twenty-one and twenty-three after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract with interest." It follows that in order to substantiate his claim it was incumbent on plaintiff to show that defendant, the seller, had failed in some essential respect to comply with the above-named sections of the statute. This plaintiff sought to show in two respects: (1) that defendant failed to sell the trucks at public auction, as required by section 19 of the statute, "not more than thirty days after the retaking;" and (2) that defendant (the seller) failed to give plaintiff (the buyer) the "ten days' written notice of the sale either personally or by registered letter" as likewise required by section 19.

But there is failure of proof in regard to these matters in the record before us. There is no evidence of a

retaking by defendant, as alleged in the statement of claim, on October 18, 1929. Plaintiff merely testified that when, on that date, defendant or its agent by telephone demanded possession of the trucks, he (plaintiff) replied: "My answer was, you can take them; I surrender them right now." Subsequently on cross-examination he testified that the trucks remained in his possession until October 18th, but that in his telephone conversation with MacWhorter, defendant's agent, on that date he did not inform MacWhorter where the trucks were located, nor did he later at any time send word to defendant of their whereabouts. In the face of defendant's allegation that it did not locate the trucks and receive possession of them until October 31st, plaintiff's evidence on the question of defendant's retaking was too weak to go to the jury.

Because of this failure to show repossession by defendant as of October 18th, plaintiff's testimony relating to failure of sale within thirty days after repossession, and of notice thereof given plaintiff not less than ten days before it was held, crumbles. When pressed on cross-examination, as to whether he received the written notice of sale by registered mail which defendant alleged was sent on November 19th, plaintiff replied merely that he "didn't remember about it." Clearly evidence as to what occurred only within the thirty days following October 18th, when no retaking by defendant on that date was shown, had no relevancy on the question whether defendant properly complied with the statute in respect to a retaking on October 31st and a sale on November 30th.

The only other evidence was certain testimony relating to the use value of the trucks to plaintiff for the period during which he was in possession, and the amount actually paid on the contracts. This evidence was obviously immaterial inasmuch as plaintiff made out no case for recovery of part payments under the statute.

Our conclusion is that, notwithstanding every favorable inference to which plaintiff's evidence on this branch of the suit could give rise, he was not entitled to have his claim submitted to a jury, and the nonsuit was properly entered. See 1 Troubat & Haly's Penna. Practice, page 922 et seq.

We agree with the majority of the court in banc, which refused to take off the nonsuit, that there were no "equitable principles," aside from the express mandate of the statute, which plaintiff could invoke to aid his cause. It is clear from a reading of the statement of claim, which pleads such specific statutory matters as payment of "71 per cent of their aggregate contract price, and over $500 on account of each particular truck" (see sections 19 and 20 of the Conditional Sales Act), that plaintiff's intention was to bring his case within the act. Mere demand for repossession on defendant's part could not amount to rescission of the contracts. On the contrary, such a demand was in strict accordance with the conditional sales contracts themselves, which provided that for a number of reasons, including default in the payment of the contract price, defendant might "enter any premises where said chattel may be found, and take possession thereof, after which you [defendant] may, at your option, make such disposition of said chattel as you shall deem fit." As was well said by the court below: "If the plaintiff was entitled to a remedy it was exclusively that provided by section 25 and related sections of the Uniform Conditional Sales Act of 1925. It was not necessary that he plead the act in his statement of claim, but it was essential that he plead such facts as should bring his case within the application of the act and at the trial support his pleading with proof. He did neither. Instead he rested his case upon 'equitable principles' which were excluded by the contracts he referred to in his statement and offered in evidence at the trial and which are modified by the Sales Act and made to depend upon facts not even suggested in his statement. . . .

"It is perfectly clear that the defendant did not either by demand for or the later seizure of the trucks terminate the contracts, but enforced a right under them the enforcement of which left the contracts in full effect for such further remedy as either of the parties under the terms of the contracts and the Sales Act might be in position to assert. The plaintiff therefore neither alleged nor proved a cause of action."

The decision on the nonsuit leaves no merit in the claim that a new trial on the counterclaim should be granted. As to this the lower court dealt justly, as follows: "There is no merit in the motion for a retrial of the counterclaim. The only reason advanced in its support which need be discussed is that the nonsuit of the plaintiff's claim must have prejudiced the jury against the plaintiff in his defense against the counterclaim. If the principle involved in this reason were to be adopted, then any ruling on a question of law during the trial of a cause would be ground for a new trial on motion of the party adversely affected by the ruling. The reason for the nonsuit was stated in the presence of the jury and they must have understood that it referred only to the plaintiff's failure to state a cause of action and not in any sense to the merits of the questions involved in the counterclaim and the defense of it. These questions were fully submitted to the jury in a charge to which we feel the plaintiff can make no reasonable objection. All the issues which the plaintiff should have raised in his own action were passed upon by the jury. All the evidence the plaintiff offered upon them was admitted. He faced the issues, not as plaintiff, with the burden of proof to sustain, but as defendant, et potior conditio defendentis. The verdict decided the issue against him under conditions of trial more favorable to him than if passed upon in the trial of his own claim."

Judgment affirmed, at the cost of appellant.