## Bruner, Executor, v. George Junior Republic Association of Western Pennsylvania

*M. L. McBride*, for plaintiff.
*John V. Wherry*, for defendant.

ROWLEY, P. J., January 28, 1942.—Plaintiff sued in assumpsit to recover upon defendant's promissory note, also to recover for wages allegedly due plaintiff's decedent for the period January 1, 1934, to December 31, 1935.

Defendant in its affidavit of defense set off its claim against plaintiff for boarding and lodging plaintiff's decedent from January 1, 1936, to April 25, 1939, a period of 39 months and 25 days, at the rate of $30 per month, a total of $1,195.

Plaintiff moved to strike off defendant's counterclaim for the reasons:

"1. The counterclaim consists solely of an alleged board and lodging bill at $30 a month from January 1, 1936, to April 25, 1939, the date of death of W. W. Bruner, and does not set forth the conditions under which any alleged board and lodging were furnished.

"2. The counterclaim does not set forth whether the alleged contract was parol or in writing, and merely sets forth in paragraph 7 'The contract between the parties was implied.' "

Inasmuch as the Practice Act of May 14, 1915, P. L. 483, provides that a set-off or counterclaim shall be regarded as defendant's statement of claim, the rules

applying to the statement of claim apply to the set-off or counterclaim.

It is necessary that the statement (or counterclaim) should contain all the ingredients of a complete cause of action, averred in clear, express, and unequivocal language, so that if defendant is unable to controvert or deny one or more of the material averments of the claim a judgment in default of an affidavit of defense may be entered and liquidated.

We are of the opinion that the counterclaim sufficiently apprises plaintiff of the character and extent of defendant's claim, especially since the doctrine of aider (opponent's pleadings supplying omissions in pleadings of other) is still the law: Smith v. Brockway Motor Truck Corp., 310 Pa. 130. See also Stewart v. Pennsylvania State Camp of the Patriotic Order Sons of America, 122 Pa. Superior Ct. 30.

In our opinion the averment of an implied contract negatives the existence of a written contract, although defendant might have stated somewhat more in detail the circumstances which it contends gave rise to the implication of law.

Plaintiff cites no case decided since the Practice Act of 1915 which holds that the failure to aver that the charges or prices were just or reasonable is fatal; nor have we found any.

Plaintiff may obtain more particular information if he desires it by a motion for more specific statement: Rhodes v. Terheyden et al., 272 Pa. 397 (1922).

Our conclusion is that the defects complained of by plaintiff are not sufficient to warrant us in striking off the counterclaim.

### Order

And now, January 28, 1942, this matter came on for argument upon plaintiff's rule to strike off the counterclaim, whereupon, after due consideration, it is ordered, adjudged, and decreed that the aforesaid rule be discharged.